### SID MARTIN v. THE STATE.

*No. 754.   Decided November 4.*

1. Continuance—Practice.—An application for continuance to obtain testimony of an absent witness, to be sufficient, must state the facts expected to be proved by said witness; general statements or indefinite allegations will not suffice.

2. Bill of Exceptions as to Evidence Excluded—Practice.—A bill of exceptions as to exclusion of evidence is not sufficient if it fails to state the object and purpose for which the evidence was sought.

3. Theft—Explanation of Possession.—On a trial for theft, in order to entitle the accused to introduce in evidence his explanation of possession, it must appear that the same was made when he was first called upon to explain.

**4. Charge — Special Instructions — Practice. —** Where the charge, as given, sufficiently presents the law of the case, it is not error to refuse additional requested instructions.

**5. Evidence Conflicting—Practice on Appeal.—**Where the evidence is directly conflicting, the court, on appeal, will not reverse because the defensive testimony might have sustained an acquittal.

ON MOTION FOR REHEARING.

*Decided December 2.*

**6. Circumstantial Evidence — Charge— Practice in Misdemeanors. —** On a trial for theft, if the testimony be circumstantial in character, it is error for the court to refuse to charge the law with regard to circumstantial evidence, and if a proper requested instruction presenting the law be refused, and the refusal be properly excepted to, the judgment will be reversed, though the case be a misdemeanor.

APPEAL from the County Court of Hopkins. Tried below before Hon. J. M. MORRIS, County Judge.

Appellant was prosecuted, by information, for the theft of a pair of gloves, the property of one T. S. Mooney. At the trial he was convicted, and his punishment affixed at imprisonment in the county jail one month and by a fine of $5.

All the facts necessary to explain the points decided are sufficiently stated in the opinion.

*J. W. Humphrey* and *Templeton & Crosby*, for appellant, on motion for rehearing.—This is a case of circumstantial evidence, as no witness saw the taking. The fact that appellant was found in the possession of recently stolen property does not take the case out of the rule. Sullivan's case, 18 Texas Cr. App., 625; Taylor's case, 27 Texas Cr. App., 463. Nor does the fact that this is a misdemeanor case render it unnecessary to charge on this issue. Ross' case, 9 Texas Cr. App., 275. Yet the court did not charge on it, though a special charge was requested by appellant instructing the jury on that issue, and refused. The requested charge follows approved precedents. Henderson's case, 14 Texas, 514; Willson's Crim. Forms, sec. 714. Appellant excepted to the refusal of the court to give said charge.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This appeal is prosecuted from a conviction of theft of gloves.

1. Continuance was applied for by appellant to obtain the testimony of an absent witness, by whom he expected to prove, "that at the time he is charged with committing this offense he was not in a situation to com-

mit said offense.'' The application does not state a single fact expected to be testified by the witness. Inferences, conclusions, general statements, or indefinite allegations will not suffice to take the place of evidence. The facts must be stated. Willson's Crim. Proc., sec. 2165.

2. The defendant offered to prove, that after his arrest, and while being conveyed from the place of arrest by the officer in whose charge he was, he stated to said officer that Horace Williamson had given him the gloves. The object or purpose of seeking this evidence is not stated in the bill of exceptions. May v. The State, 25 Texas Cr. App., 115, and cited authorities.

The account given by him explanatory of his possession had been previously made, and was admitted in evidence on the trial. The testimony offered was not made when he was first called upon to explain his possession. There was no error in refusing to permit the statement to go to the jury, as presented by the bill of exceptions.

3. The charges asked and given correctly and sufficiently, we think, instructed the jury in regard to the law of the case, and there was no error in refusing additional requested instructions.

4. It is urged that the testimony is not sufficient to support the conviction. By the prosecution it was shown, that the gloves were used by the owner on the night they were taken; that he wore them, in driving, on that occasion; that upon reaching church, he pulled them from his hands and placed them in a box under his buggy seat; that on returning to his buggy after services, he found the gloves had been taken; and in a few days thereafter the defendant sold the gloves to one Corbet, claiming to have purchased them from one Brewer, a merchant, which statement was shown to be false.

Defendant's father testified, in his behalf, that when he was arrested defendant denied his guilt, and stated the gloves had been given him by Horace Williamson.

Horace Williamson testified, that while en route to church, on the occasion in question, accompanied by his mother and defendant, he found the gloves and gave them to defendant. Mrs. Williamson testified to the same facts. Defendant also introduced evidence showing that while at the church he sat with Mrs. Williamson, and was not away from her during the services had there on that occasion. We would not be authorized to reverse the judgment on the evidence found in the record. If the State's evidence is true, defendant is guilty. If the defendant's testimony is correct, he is not guilty. The jury, constituted the judges of questions of fact in cases of this character, have found adversely to defendant. We have found no error requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—On a former day of this term the judgment in this case for theft was affirmed. In his motion for rehearing, appellant insists that the affirmance was erroneous, for the reason that the court below refused to give the jury his requested instruction with reference to the law of circumstantial evidence. The charge was properly requested, as it relates to form and substance, and being refused, this action of the court was duly excepted to as required in misdemeanor cases in this State.

After a more careful review of the case, we are of opinion that the point is well taken, and the court below erred in refusing to give the requested instruction.

Upon the former review of the case we were of the opinion that it came within the rule laid down in the Montgomery case, 20 Southwestern Reporter, 926, but after a more thorough investigation we think the facts in regard to the taking do not bring this case within that rule.

The rehearing is granted, and for the reason above given, the affirmance is set aside, and the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.