## Charles Threadgill v. The State.

*No. 704.　Decided November 22.*

1. **Burglary and Theft — Purchase — Charge.**—On a trial for burglary and theft, where the sole defense was, that the accused had purchased the bed from a third party some three months prior to the burglary, and the court charged the jury. in effect, that they would acquit if they entertained a reasonable doubt that the bed was the property of the prosecutor. it was objected that the charge was insufficient. in failing to instruct an acquittal in case the jury had a reasonable doubt of defendant's purchase of the bed.　*Held*, that the issue being the identity of the bed, the charge given was sufficient, inasmuch as the jury could not have found, under the facts, that the bed was the property of the prosecutor without having first found that defendant had not purchased it, as claimed by him.　In this case a solution of the question of title solves the question of purchase.

2. **Evidence—Self-Serving Declarations.**—On a trial for theft of a bed it was not error to refuse to permit defendant to prove that a month after he.

claimed to have purchased the bed he told a witness of his purchase. Following Harmon v. The State, 3 Texas Criminal Appeals, 51; Hampton v. The State, 5 Texas Criminal Appeals, 463.

APPEAL from the District Court of Polk. Tried below before Hon. L. B. HIGHTOWER.

Appellant was indicted, in Trinity County, for burglary with intent to commit theft. The venue of the case was changed to Polk County, where, on the trial, he was convicted, and given two years in the penitentiary as his punishment.

The facts are sufficiently stated in the opinion.

*Sam T. Robb*, *Holshousen & Feagin*, *B. F. Bean*, and *J. P. Stevenson*, for appellant.—The court erred in not charging the jury on the law in regard to the purchase of the bed, as claimed by the defendant, as is shown in his evidence and that of other witnesses, and that if they believed the defendant bought the feather bed claimed by Rich, and which was taken from defendant's possession, being the bed in controversy, from a traveler or mover, then they would acquit defendant.

We submit that the same rules of law would apply in the trial of this case that would apply on a trial of the theft of the bed; and this being the case, and there being evidence in this case showing a bona fide purchase of the bed by the defendant, it was the duty of the court, whether asked or not, to have submitted that issue in charge to the jury, and a failure to do so is fundamental error. Bond v. The State, 23 Texas Cr. App., 180; Shuler v. The State, 23 Texas Cr. App., 182; Henry Smith v. The State, 7 Texas Cr. App., 382; Beckham v. The State, 8 Texas Cr. App., 52; Vincent v. The State, 9 Texas Cr. App., 303; Henry v. The State, 9 Texas Cr. App., 358; Ray v. The State, 13 Texas Cr. App., 51; Hays v. The State, 30 Texas Cr. App., 472; Code Crim. Proc., arts. 677, 678, 685; White v. The State, 18 Texas Cr. App., 57; Burkhead v. The State, 18 Texas Cr. App., 599; Irvin v. The State, 20 Texas Cr. App., 12; Jackson v. The State, 15 Texas Cr. App., 84; Odle v. The State, 13 Texas Cr. App., 612; Rutherford v. The State, 15 Texas Cr. App., 236; Boren v. The State, 23 Texas Cr. App., 28; Liskosski v. The State, 23 Texas Cr. App., 165.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Some person entered the house of H. Rich on the night of the 12th of December, 1888, and took therefrom a feather bed. Appellant was tried and convicted for burglary with intent to commit theft of the said bed.

That Rich's house was entered and the bed taken therefrom on the night of the 12th of December, 1888, is not questioned.

A feather bed was found in the possession of defendant about the 5th day of February, 1889. The bed found in the defendant's house was claimed by Rich as the same bed which was taken on the night of the 12th of December, 1888. The defendant swore that he had purchased the bed (claimed) on the 21st or 22nd of September, 1888, which was nearly three months prior to the time of the burglary.

The court charged the jury as follows: "You are further charged, that if from the evidence you have a reasonable doubt as to whether or not the feather bed in question was the property of said Rich, you will find the defendant not guilty."

The appellant complains of the charge because it fails to instruct the jury, in substance, that if they believe from the evidence that defendant purchased the bed, or if from the evidence they have a reasonable doubt as to whether he purchased the bed, they should acquit him. The objection of appellant is, that such a charge as the above should have been submitted to the jury, and this omission in the charge is assigned as error. If appellant bought the bed at the time sworn to by him, it was not the property of Rich; and if the bed found in appellant's house and claimed by Rich was in fact his property, the defendant did not buy it in September, 1888. Hence, the issue was the identity of the bed; was it Rich's property? If so, and the jury so found, they settled the question of purchase against appellant. For they could not, under the facts of this case, have found that the bed belonged to Rich without first finding that defendant did not purchase it from a mover. The evidence of appellant, that he had purchased the bed in September, 1888, was competent and relevant. For what purpose? In this case, only for the purpose of proving that the bed claimed by Rich was not his property. This is not a case in which the accused may have come into possession of the stolen property after the theft, and hence was not guilty of the theft, and was therefore not guilty of the burglary.

In all cases in which the accused claims that he came into possession of the stolen property after theft, two issues are presented: First, Was the property found in the possession of the accused the property of the prosecutor, as alleged in the indictment? Second, Did the appellant steal the property? Now, if the jury should solve the first question against the accused, by finding that the property belonged to the prosecutor, such a finding would not solve the second question, for the property found in possession of the accused may belong to the prosecutor, and still the accused may have purchased it, or may have come into possession after the taking—theft. If the accused has introduced evidence tending to prove a purchase in explanation of his possession, the court should submit a charge in form as indicated above. But in this case a solution by the jury of the question of title solves the purchase.

We are of opinion that there was no error in the charge, because of the

omission complained of by counsel for appellant. The defendant proposed to prove that he stated to the witness, sometime in October, 1888, that he had bought a feather bed from a mover. On objection by the State, this evidence was rejected. In this there was no error. Harmon v. The State, 3 Texas Cr. App., 51, and authorities cited; also Hampton v. The State, 5 Texas Cr. App., 463.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.