### Juan Vargas v. The State.

No. 765. Decided November 2, 1910.

**1.—Burglary—Practice on Appeal.**

An assignment that the court failed to charge the jury the whole law of the case in the light of the evidence is too general to be considered.

**2.—Same—Postponement—Agreement.**

Where, upon appeal from a conviction of burglary, the record did not show any agreement between the defendant and the district attorney to postpone the case, there was no error in forcing him to trial.

**3.—Same—Charge of Court—Force—Railway Car.**

Where the burglary was committed in a box railway car by force it was not necessary to submit a charge as to whether the burglary was committed in the daytime or night-time.

**4.—Same—Charge of Court—Property Found.**

Where, upon trial of burglary, defendant claimed to have found the alleged stolen property, and the court properly submitted this issue, there was no error in refusing special charges thereon.

**5.—Same—Charge of Court—Explanation.**

Where, upon trial of burglary, the evidence showed that defendant gave no explanation at the time he was first accosted as to how he acquired possession of the alleged stolen property, the court was not called upon to submit a charge thereon.

Appeal from the District Court of El Paso. Tried below before the Hon. James R. Harper.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is an appeal from a conviction for the burglary of a box car with a penalty of two years confinement in the penitentiary.

In the motion for new trial the defendant claimed the court erred in that it misdirected the jury as to the law in the charge given to the jury by failing to charge them the whole law of the case in the light of the evidence given in the trial. This assignment of the motion for new trial can not be considered. It is too general. It does not specify in what particular the court erred in his charge, nor does it state in what particular the court failed to charge the whole law of the case.

When the case was called for trial the defendant asked for a postponement of the case on the ground as he states that the district attorney represented to him that the case would not be called for several weeks; and, second, for the want of the testimony of one Gonzales, a witness for the defendant; that the witness Gonzales resided in El Paso County; that no process had been issued for the witness because of the representations of the district attorney that the case would not be called for some time. That he expected to prove by the witness Gonzales that the defendant was returning to El Paso from the smelter where Gonzales lived and where they had spent the night; that defendant had applied for work at the smelter and that the pistol found in the possession of defendant was a pistol defendant had taken to the smelter on the evening before. There is nothing in the record showing any agreement made between the defendant and the district attorney as to a postponement of the case. It was the duty of the defendant to have exercised diligence to have process issued for the witness Gonzales. Having failed to do this, there was a total lack of diligence to procure this witness and in the light of the testimony on the trial of the case, every fact might have been testified to by Gonzales, as set up in the application, and it would have had but little bearing upon the case. The defendant, in company with others, was seen early one morning coming from toward some railroad cars and each of these parties had a sack on his shoulder, in which there were nine or ten pairs of shoes. The car had been burglarized in the yards, no one knowing when it was burglarized, but the seal was found broken shortly after the discovery of the defendant in possession of these shoes, and a large quantity of shoes had been taken therefrom. The shoes were pretty well identified as shoes taken out of this box car, as shown by the invoice. The defendant claimed that he and his partner found the shoes on the side of the road that morning. When first accosted with regard to what they had in the sacks they said papers.

Several special charges were requested by the defendant in the trial of the case and counsel complains that the court erred in not giving these charges. The burglary being committed by force it was not necessary to set out whether it was a daytime or night-time burglary. The court charged the jury that if they believed from the evidence that the defendant found the shoes as testified to by him, or if they had a reasonable doubt as to whether he did or not find the shoes, then they would acquit the defendant. Several of the charges requested by the defendant were charges bearing upon the possession of the stolen goods and the court was requested to instruct the jury that if defendant was found in possession of stolen goods, but being so possessed of said goods he merely acted as agent of some other person, or did not know of the unlawful taking of said goods, or if they had a reasonable doubt as to whether the same were stolen property they should acquit. We think there was no necessity of the court giving this charge, as it had already directed the jury that if the defendant found the goods to acquit. This was a clear presentation of the contention set up by the defendant that he did not steal the goods, but found them.

Again, the court was requested to charge the jury that if they believed from the evidence that the property described in the indictment had been stolen from said box car, and that recently thereafter defendant was found in possession thereof and when the possession was first questioned these parties made explanation as to how they came by it; and "if you believe such explanation was reasonable and probably true and accounted for defendant's possession in a manner consistent with their innocence, then you will consider such explanation as true and acquit the defendant." The witness Garner testified that he was a police officer; that he was on Santa Fe Street when he saw two Mexicans coming off of 4th Street; that he saw each one had a sack on his shoulder; that there were three Mexicans when he first saw them; that they separated, two going on one side of the street and one on the other; that he stopped these two and asked them what had they in their sacks; that they said papers; that he asked them where they got their papers and that they said out at the smelter. That he then looked in the sacks and saw they had new shoes. He says that after he looked in the sacks he said, "I thought you told me these were papers?" That they said nothing and witness said, "Where did you get these shoes?" when they answered, "Out at the smelter." The defendant, as a witness on the stand, in the trial of the case did not contradict the statement made by the officer as to what he said with regard to the shoes. There was no explanation offered by the defendant at the time he was first accosted as to how he acquired possession of this property. We think, therefore, the court was not called upon to submit to the jury a charge on explanation of stolen property when first accosted.

Finding no error in the record the judgment is in all things affirmed.

*Affirmed.*