HABEAS CORPUS  &#9901;&#8594;46—JURISDICTION—DISPOSITION OF CASE ON APPEAL.

The county court should not entertain jurisdiction of writ of habeas corpus raising only questions passed on by the Court of Criminal Appeals on appeal by petitioner from judgment of conviction.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 36; Dec. Dig. &#9901;&#8594;46.]

Appeal from Gregg County Court; J. H. McHaney, Judge.

Application for writ of habeas corpus by Oscar McCallan. From a judgment denying relief, petitioner appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Relator was convicted of a misdemeanor in the county court of Gregg county. He appealed the case to this court, and it was affirmed. McCallen v. State, 174 S. W. 611. Every question raised on this application for habeas corpus was passed on in the opinion by this court on the former appeal, and we do not deem it necessary to do so again, but merely refer to that opinion. We cannot understand why the county court entertained jurisdiction of the writ when the questions raised, and all the questions raised, were passed on in the former opinion.

The judgment is affirmed.

---

WILSON v. STATE. (No. 3504.)

(Court of Criminal Appeals of Texas. April 7, 1915. Rehearing Denied May 5, 1915.)

1. CRIMINAL LAW &#9901;&#8594;598—PROSECUTION FOR MISDEMEANOR—CONTINUANCE—DILIGENCE.

By statute requiring that in misdemeanor cases attachment shall be applied for to compel the attendance of witnesses who do not live in the county where the prosecution is pending, where defendant, convicted of a misdemeanor, had asked for no writ of attachment for a witness who was resident in another county, but had merely secured the issuance of a subpœna, the overruling of his application for a continuance was proper; the required diligence to procure the attendance of the witness not having been shown.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1335–1341; Dec. Dig. &#9901;&#8594;598.]

2. CRIMINAL LAW &#9901;&#8594;1120—APPEAL AND ERROR—BILL OF EXCEPTIONS—SUFFICIENCY.

On appeal from a conviction, where the bill of exceptions to the admission of testimony over objection failed to set out such testimony, but contained a statement by the court below that such testimony at defendant's request was withdrawn from the jury, who were instructed not to consider it, the bill presented no error; it being impossible to determine whether or not the testimony was such that its withdrawal would not cure error in admitting it unless it was set out in the bill.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2931–2937; Dec. Dig. &#9901;&#8594;1120.]

3. CRIMINAL LAW &#9901;&#8594;721—FAILURE OF ACCUSED TO TESTIFY — COMMENT BY COUNTY ATTORNEY.

Where, in a prosecution for misdemeanor, the county attorney's statement in argument that no witness had impeached the prosecuting witness, and that his testimony was uncontradicted by any witness or circumstance in this case, was not improper as being a direct or an indirect allusion to the failure of the defendant to testify.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1672; Dec. Dig. &#9901;&#8594;721.]

Appeal from Williamson County Court; Richard Critz, Judge.

Calla Wilson was convicted of a misdemeanor, and he appeals. Affirmed.

J. B. Robinson and W. K. MaKemson, both of Georgetown, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at 60 days' imprisonment in the county jail.

[1] In the first bill of exceptions it is contended that the court erred in overruling his application for a continuance. The record shows that the witness whose attendance was desired lived in Burnet county. Appellant asked for no writ of attachment for the witness, but only secured the issuance of a subpœna. This is a misdemeanor, and the Code of Criminal Procedure requires that in misdemeanor cases attachment shall be applied for for witnesses who do not live in the county where the prosecution is pending. It was formerly the rule in this state that in all cases where the witness resided in another county a writ of attachment must be applied for and writ issue for such witness to show diligence. The rule was changed in felony cases by the Twenty-Fifth Legislature by an act passed at its called session; such act providing for the issuance of subpœnas "to enforce the attendance of witnesses in criminal cases upon district court, grand juries and magistrates sitting as examining courts in counties other than the counties of their residence." By the terms of this act it is made to apply alone to felony cases (where the state pays the witness' fees), leaving the provisions of the law requiring the issuance of attachments in misdemeanor cases in county and justice courts in force. Appellant not having applied for nor requested the issuance of an attachment, and the witness desired not being required to attend upon service of a subpœna, the diligence required by law is not shown in this case, and the court did not err in overruling the application for a continuance. In addition to this, the facts stated it is expected to be proven by this witness are too general. Garrett v. State, 37 Tex. Cr. R. 198, 38 S. W. 1017, 39 S. W. 108; Huebner v. State, 3 Tex. App. 458; Thomas v. State, 17 Tex. App. 437; Martin v. State, 32 Tex. Cr. R.

441, 24 S. W. 512; McCulloch v. State, 35 Tex. Cr. R. 268, 33 S. W. 230.

[2] In the next bill it is shown that the testimony of Kye Singleton was objected to, but the testimony given on the trial is not set out in the bill. In approving the bill, the court states the testimony objected to on request of appellant was withdrawn from the jury, and the jury instructed not to consider it. The bill presents no error, as, without the testimony being set out in the bill, it is impossible for us to determine whether or not it was of such a nature that its withdrawal would not cure the error in admitting it.

[3] The only other bill in the record alleges that the "county attorney in his argument before the jury stated that defendant had not gone on the witness stand in his own behalf." If the county attorney had so stated, of course it would be error, but in approving the bill the court says that, while appellant did make such an objection, the objection was addressed to the remarks of the county attorney when he said:

"Gentlemen, how will you avoid convicting this defendant? No witness has appeared to impeach him [the prosecuting witness], and what he told I had to corkscrew out of him. He did not want to tell it, and you gentlemen could very well see that, but he stands before you unimpeached, and his testimony uncontradicted by any witness or circumstance in this case."

This was neither a direct nor indirect allusion to the failure of defendant to testify.

The judgment is affirmed.