I. B. HUDNALL V. THE STATE.

No. 10948. Delivered June 15, 1927.

**1.—Murder—Statement of Facts—Trial Judge Must Approve.**

This case was tried before the Hon. Wm. Masterson, and the statement of facts is approved by Hon. Whit Boyd, and cannot be considered.

**2.—Same—Continued.**

Under Art. 2248, Rev. Civ. Stats., 1925, only the trial judge, on a criminal case, is authorized to approve the statement of facts, except where the trial judge dies before the time of such approval, in which event the statement of facts may be approved by the deceased judge's successor. See Art. 2248, Rev. Civ. Stats., 1925.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Wm. Masterson, Judge.

Appeal from a conviction of murder, penalty twenty-five years in the penitentiary.

The opinion states the case.

*C. E. Smith* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE. — The appellant was convicted for the offense of murder, and his punishment assessed at twenty-five years in the penitentiary.

The case was tried before Hon. Wm. Masterson, Judge of the Criminal District Court of Harris County, and judgment rendered on December 31, 1926. The statement of facts was approved by Judge Whit Boyd on the 7th of February, 1927.

Under Art. 2248, Rev. Civ. Stats., 1925, only the judge who tries a criminal case is authorized to approve the statement of facts except where the trial judge dies before the time for said approval or filing, in which event the statement of facts may be approved or filed by the deceased judge's successor. The record does not disclose the death of the trial judge, nor is any reason shown why he did not approve the statement of facts. For this reason we cannot consider same.

In the absence of a statement of facts, we are unable to consider the four bills of exception in the record, which seem to have been approved by the trial judge. However, we have read the bills carefully and find that bills of exception Nos. 1, 3 and 4, as qualified by the learned trial judge, present no error. We are unable to consider bill of exception No. 2, the only bill not qualified, for the reason that there is no statement of facts which this court can consider. It is therefore impossible for us to appraise said bill without a statement of facts. Art. 2248, Vernon's Civ. Stats., 1925, and annotations thereunder. Porter v. State, No. 10892, decided by this court on May 11, 1927, and authorities therein cited.

Finding no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.