## Frank Ross v. The State.

No. 12462. Delivered November 20, 1929.
Rehearing denied February 26, 1930.
Reported in 24 S. W. (2d) 404.

128

[REDACTED]

The opinion states the case.

*J. W. Chancellor* of Bowie and *Black & Graves* of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for two years.

Operating under a search warrant, officers searched appellant's residence and found therein more than a quart of whiskey. Eight bottles, each containing about a pint of whiskey, were found under a stairway, and about a pint in a dresser drawer in appellant's room. Also a quantity of whiskey was discovered in a cow lot directly back of appellant's residence. Appellant was present when the search was made and unlocked the door to the closet under the stairway in which the whiskey was found. There was some evidence to the effect that witnesses had sold appellant bottles.

Errors are assigned because the court refused to give certain special charges. Nowhere on these charges does it appear that exception was reserved to the refusal. While separate bills of exception to the refusal to give these charges appear in the record, said

bills were filed too late to be entitled to consideration. Requested charges cannot become the subject of review in the absence of bills of exception. However, where such charges bear notation over the trial judge's signature that they were presented to him before the main charge was read, were refused, and exception reserved, the necessity of more formal bills of exception will be obviated. Linder v. State, 250 S. W. 703, and authorities cited.

Bill of exception No. 1 recites that appellant excepted to the court's charge before said charge was read to the jury and sets forth various objections. Nowhere is it shown in said bill that appellant filed written exceptions. Objections to the charge must be in writing. Art. 658, C. C. P.; Castelberry v. State, 228 S. W. 216.

Bills of exception Nos. 2 to 9, inclusive, were filed on January 18, 1929. The term of court at which appellant was tried adjourned on Nov. 24, 1928. No extension of time for the filing of the bills was granted by the trial court. Art. 760, Sub-division 5, C. C. P. allows thirty days after the day of adjournment of court for filing bills of exception. There being no order in the record extending the time, and said bills not having been filed within thirty days after the adjournment of court, we are compelled to hold they were filed too late. Mann v. State, 277 S. W. 1085.

No error being presented, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In connection with his motion for rehearing appellant makes a sufficient showing that during the trial term of the court below an order was entered allowing sixty days for filing bills of exception, and that his bills were filed within the time thus allowed. Said bills of exception will be considered.

The exceptions to the court's charge are wholly insufficient. The requests that the jury be instructed not to consider the finding of whisky under the stairs at appellant's place, and in his lot,—were correctly refused. The case was submitted on the theory of circumstantial evidence, and the fact that any one fact or circumstance constituted a link in the chain of circumstantial evidence which might not of itself be sufficient to make out a case against the

accused, would not call for an instruction to the jury not to consider such fact or circumstance for any purpose.

We are not able to say that selling to appellant six months before the whisky was found on his premises, of bottles of certain sorts and sizes similar to those in which whisky was found on the occasion of the search,—would not be a circumstance of some materiality in determining who was the owner or possessor of the whisky found by the officers on the occasion of said search,—and the refusal of the court to instruct the jury not to consider such sales of bottles, was not error.

Bill of exception No. 7 shows objection to the testimony as to what was found by the search of appellant's rooming house and adjacent premises, it being asserted that the search warrant and affidavit for same were not in conformity to law. The affidavit was not made on information and belief, but made upon positive affirmation of facts sufficient to justify the issuance of the warrant. The complaints directed at the warrant appear to be wholly without merit.

The answer of the witness Walker to appellant's cross-examination, that he did not see persons go in and out of appellant's place the next night or two after it was searched,—is not understood by us to be objectionable, there being nothing stated in the bill of the surroundings or setting under which the question was asked and answered, from which we could derive information that such question was incompetent.

Statements made by appellant at the time of the search relative to his possession of the liquor found, would be admissible under many decisions of this court as part of the res gestæ, regardless of whether he was under arrest.

Finding no error in the former decision of this case, and the bills of exception having been considered, the motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.

### ON SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the original opinion delivered November 20, 1929, the judgment was affirmed on account of a defect in the record. None of the points upon which appellant relied for reversal were considered. In the opinion on rehearing delivered January 1, 1930, the case was for the first time considered on the alleged errors. While the present motion appears on its face as a

second motion for rehearing, it is in fact a first, as it relates to the merits; hence it will be entertained.

Appellant requested the court to instruct the jury that they would not consider any evidence as to "liquor found in the lot or premises back of the premises of defendant." The motion now being considered urges that it was error to refuse said instruction on the assumption that the evidence shows without dispute that the cow lots where some of the liquor was found belonged to or were owned or controlled by the hotel, and that appellant did not control said lots. Of course, the appropriateness or otherwise of the requested instruction must turn upon the evidence. Harry Walker, one of the officers, testified:

"I know where there is a house situated on Mason Street in the town of Bowie, Montague County, being the first north of the Commercial Hotel. It is between the Burns Hotel and the Armory; the Burns Hotel is also known as the Commercial Hotel. The property between the Commercial Hotel and the Armory is occupied alone by Frank Ross; it is a rooming house. . . . I went to this house on or about the 29th day of September, 1928, and made a search. . . . When I went to the premises of Frank Ross I believe he was sitting on the front porch of the Commercial Hotel."

At this point the witness detailed about appellant unlocking the door of the rooming house and the search of it and what was found there and then continued with his testimony as follows:

"I made further search of the premises; I went out back of the premises and in the cow lot we found three half gallon jars in the cow lot; we found three one-half gallon jars of whisky and three soda pop bottles full in the cow lot. . . . That cow lot is directly back of Frank Ross' place; there is a little gate into this cow lot; there are two gates between his house and where I found the whisky."

Upon cross-examination the witness testified:

"I do not know who that lot belongs to out where I said I found some jars of whisky. I do not know whether it belongs to the Burns Hotel or the Armory or Mr. Ross."

Jack Will, another officer, testified as follows:

"I know the defendant, Frank Ross. I know where his place is situated between the Commercial Hotel and the Armory. . . . I know where there is a cow lot in back of Frank Ross' place. I have seen Frank Ross back there in this cow lot back of his premises. I

have seen him back there lots of times. It would be nights when I have seen him back there."

On cross-examination the witness testified:

"There are two lots back there; one of them is immediately behind Mr. Ross' place and the other is behind the Commercial Hotel. Well, I do not think that Mr. Ross keeps a cow. There is a gate between the two lots. The Burns or Commercial Hotel does keep a cow. That lot or these two lots is occupied by the cow kept by the Burns or Commercial Hotel. I do not know whether that was Frank's cow that was kept in there. I think it was the cow belonging to the ᵗCommercial Hotel. . . . The cow lot that I saw was back of the rooming house.

At this point there was exhibited to the witness a map of that portion of the city of Bowie, which showed an alley running back of the hotel, the rooming house and the Armory, which alley, (as we gather from the testimony) shows on the map to occupy, in part at least, the territory claimed to have been covered by the lots in question. The witness after having been shown the map testified that regardless of the map there was no alley of any kind running in any direction back of Frank Ross' place.

The foregoing is all the evidence bearing upon the point now under consideration and we are of opinion in view of such testimony the trial court would not have been authorized to withdraw from the consideration of the jury by the special charge requested the fact of some whisky having been found in the cow lot. The court did tell the jury if they entertained a reasonable doubt whether the liquor testified to by the officers was possessed by someone other than appellant that they should acquit him. Other whisky having been found under the stairway in the rooming house appellant perhaps— if he had requested it—would have been entitled to a more specific charge regarding the whisky found in the lot to the effect that if the jury entertained a reasonable doubt as to whether that part of the whisky was in the possession of appellant the jury would not consider it for any purpose. There was no request for such special instruction.

Appellant insists that we misapprehended bill of exception number nine. The bill reveals that officer Walker testified that after the whisky was found in the closet under the stairway appellant said "that was all he had." Objection to what appellant said was urged because he was under arrest; the court overruled the objection. The prosecuting attorney then asked Walker the following question.

"After Frank (appellant) said he did not have any more whisky was he asked to show his bedroom?" to which witness answered, "Yes," and said when they went to the bedroom appellant said he had a pint in there which he kept for his own use, and that witness found a pint of whisky in the dresser drawer. At this point the court excluded the statement that appellant had said "he did not have any more whisky," but declined to exclude appellant's statement that "he had a pint of liquor in the dresser drawer." With the record in this condition the prosecuting attorney in his argument said, "Defendant was asked if he had any more whisky and he said he had some in his bedroom for his own use." Appellant's counsel construed this argument to make use of the excluded testimony and objected to it on that ground; the court overruled the objection accompanying it with the statement that "counsel was mistaken that such testimony had not been excluded." It is apparent that the learned trial judge did not construe the argument as appellant's counsel does. It does not appear that the attorney said in his argument that appellant had told Walker that he (appellant) "had no more whiskey," but called attention to appellant's admission that he had a pint in the dresser drawer for his own use. The evidence to that effect was not excluded and it was proper for the attorney to comment on it.

The motion for rehearing is overruled.

*Overruled.*