CARL SEXTON v. THE STATE.

No. 13880.   Delivered January 21, 1931.

The opinion states the case.

*McGaugh & Darroch,* of Brownwood, for apppellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of sheep; punishment, three years in the penitentiary.

Chancellor, the alleged owner of the sheep claimed to have been stolen, said that five days after said sheep disappeared from the pasture in which they were kept, he discovered them in appellant's pasture, and upon permission of appellant's wife, he went down in said pasture to look at them. While doing this appellant rode up. Chancellor told appellant he was looking for some sheep that had strayed, and that he saw some in appellant's pasture. The latter then said: "Everything in here with my brand on it is mine". The sheep were then driven up to a lot and Chancellor cut out and claimed ten of them. All of said sheep had a fresh X branded on them with paint. After identifying the sheep and taking them home, Chancellor swore out a complaint against appellant who was arrested and had an examining trial that afternoon. C. L. Davis swore he was with Chancellor down in appellant's pasture and heard Chancellor tell appellant that some of the sheep in said pasture were his, and heard the statement made by appellant to Chancellor that all the sheep in said pasture which bore his brand belonged to him. Among the ten then claimed and taken by Chancellor were the two sheep whose theft was charged in the first count of the indictment under which conviction was had.

We find four bills of exception. The first complains of the refusal to let appellant prove by Chancellor that he heard appellant say at his examining trial that there were two sheep in that bunch of ten which had his old fire brand on their noses. The second bill sets out that upon objection by the State appellant was not allowed to testify herein that on his examining trial he made the statement that all of said ten sheep had on them his recorded brand, and that two of them had his old fire brand on the nose or jaw, such brand being so old as that it was impossible that said sheep could belong to Chancellor. From the able brief filed for appellant we learn that this testimony was offered on the theory that the State was relying for conviction on appellant's possession of recently stolen property, and that in such case the accused may prove his explanation of such possession, and if exculpatory rely thereon. Unfortunately the statements made at the examining trial by appellant were not his first explanation, and hence the court committed no error in rejecting same. Harmon v. State, 3 Texas App., 54; Hampton v. State, 5 Texas App., 463; Henry v. State, 9 Texas App., 358; Martin v. State, 32 Texas Crim. Rep., 441, 24 S. W., 512. In this case appellant claimed the sheep as his, and swore on this trial that two of them had on them at the time Chancellor got them out of his pasture, appellant's old fire

brand. He introduced testimony corroborative of this theory, which was fully submitted to the jury in the charge of the court, to which no exception was taken. The jury were told that if they believed the sheep belonged to appellant, or if they had a reasonable doubt thereof, or if they believed the sheep had gotten into appellant's pasture and had been branded by him by mistake, or if they had a reasonable doubt thereof, in any such case they should acquit. This gave to appellant all he was entitled to under the claim as made by him and the proof.

Mr. Chancellor testified that the same ten sheep he got from appellant's pasture on the occasion in question, were shortly thereafter examined by Mr. Spear and Mr. Fletcher who gave testimony upon this trial as to the kind and character of marks and brands they found on said sheep. We do not think appellant's objection to this well taken. The fact that appellant was not present when they looked at the sheep, or that this occurred after the alleged theft, or that these witnesses who seem to have some character of connection with an association, affords no ground for objecting to the testimony.

It is true that the testimony in this case is in a condition of conflict, but we can not say the State's case is without support, and only in such case do we feel at liberty to reverse on the facts.

The judgment will be affirmed.

*Affirmed.*