### GENARO HERMOSILLO v. THE STATE.

No. 15095.    Delivered March 23, 1932.
Rehearing Denied May 11, 1932.
Application for Leave to File Second Motion for Rehearing Denied June 1, 1932.

The opinion states the case.

*D. Storms,* of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of an automobile; the punishment, confinement in the penitentiary for five years.

On the night of July 6, 1931, J. G. Welker placed his automobile in his garage at his home in the city of El Paso. When he went to his garage at 7:30 o'clock the next morning the car was gone. The police department, upon being advised of the theft of the car, instituted a search. At about 11:30 a. m. on July 7th Mr. Welker found his car about four blocks from his home on a street in the city of El Paso. The tires and rims were gone, one of the glasses was broken, one of the fenders bent, the tail light broken and bent, one of the window glasses in the door broken, and the pocket torn off of the door. Prior to learning that Mr. Welker had lost his car, police officers went to a room occupied by appellant and one Guillermo Campos and recovered four tires, some rims and tubes. The injured party identified this property as belonging to him and as having been on the automobile on the night of the theft. The state offered in evidence appellant's written confession, which, omitting the formal parts, read as follows: "My name is Genaro Hermosillo. I am 21 years old. I live at 3225 Frutus Street, El Paso, Texas. Last night, rather this morning, at about 3 o'clock, Guillermo Campos and I went out to get some chickens but we could not get any, so we decided to get a car and strip it of tires, we found a car, I do not know where, but we did take three tires from it and then go back and get the other one, we then took all the tires to Guillermo's house, we were in the house about three or four minutes when the officers came and arrested us all. The other tires in Guillermo's room belonged to Eusebio Rubio and Antonio Portillo, I know this because I heard them talking about the tires, and that they were going to take them out and sell them. I have known this gang for about two months, by the gang I mean Guillermo, Eusebio and Antonio."

Appellant took the witness stand in his own behalf. He testified, in substance, that Guillermo Campos invited him to go with him and steal chickens; that after some hesitancy he finally agreed to go with him, but did not agree to steal chickens; that they found an automobile in the injured party's garage; that Campos tried to get him to help him take the car out of the garage; that he told him he did not want to get into trouble, and advised Campos not to take the car; that he left Campos; that Campos finally caught up with him, pushing the automobile ahead of him; that he told Campos again that he did not want to have anything to do with the automobile; that after Campos had gotten the car three or four blocks away from the home of the injured party, he (Campos) told him that if he would help him take the tires off he would leave the

car there. At this point we quote the testimony of appellant, as follows: "That is what he finally said to me if I would help him take the tires off he would leave the car there, and I helped him take the tires off, tubes and rims. The car was left there, it was already stopped, that is where it was left. I didn't help shove the car, I didn't even touch the car, I refused right at the first. I finally did consent to help him take the tires off and did do it. We took the tires to Campos' house, to his room, and three or four minutes afterwards they knocked at the door and we were arrested." On cross-examination, appellant testified, in part, as follows: "I saw the car in the garage. I refused to steal the car. I helped him take the tires off afterwards." Appellant testified that he had served one term in the federal penitentiary, and that he had been indicted in California for robbery. He said that the indictment in California was a mistake and that the prosecution had been dismissed.

Bill of exception No. 1 presents the following occurrence: In admitting in evidence, in the first instance, appellant's confession, the court required the state to omit the following statement. "The other tires in Guillermo's room belonged to Eusebio Rubio and Antonio Portillo. I knew this because I heard them talking about the tires and that they were going to take them out and sell them. I have known this gang for about two months, by the gang I mean Guillermo, Eusebio and Antonio." Also the court required the district attorney to omit, in reading the confession to the jury, the statement therein that appellant went with Campos to get some chickens. The portions of the statement omitted were underlined for the purpose of directing the attention of the district attorney to that part of the statement which the court held should not be read. During the trial appellant's counsel stated to the court that appellant's defense was that Campos had asked him to take a walk with him, and that he had nothing to do with taking the automobile. The court then stated that he would permit all of the confession to be introduced in evidence. That part of the confession which had been omitted and which had been underlined was then permitted to be read to the jury. It does not appear from the bill of exception that the jury saw the confession. Appellant objected on the ground that the reading of the underlined words had the effect of exaggerating such expressions so as to make them extremely harmful and prejudicial, and, further, on the ground that some of the admissions were not admissible against him.

In the absence of a showing that the jury saw the confession and knew that certain portions of it had been underlined, we would not be warranted in concluding that the bill of exception presents error.

If it should be assumed that appellant objected to certain expressions in the confession on the ground that such expressions related to other offenses which were not connected with the transaction involved in the present prosecution, it is observed that there is nothing in the bill of

exception negativing the fact that such testimony was within some of the recognized exceptions to the rule that proof of other offenses is inadmissible. Enix v. State, 112 Texas Crim. Rep., 376, 16 S. W. (2d) 818. It may be added that appellant's objection was very general. It is stated in the bill of exception that appellant contended that some of the expressions contained in the confession were not admissible against him and were very prejudicial and harmful. No specific ground of objection is contained in the bill.

Appellant sought to introduce in evidence his voluntary statement made in the examining court, his contention being that such statement was admissible as explaining his possession of the automobile tires. Appellant's testimony upon the trial was in substantial accord with his voluntary statement made in the examining court. It is the rule that the accused's explanation of his possession of property supposed to have been recently stolen is admissible as original evidence in his behalf if made at the time his possession was first directly or circumstantially challenged, or when charged with the theft. To be admissible the accused must be in posssession of the property, or the explanation must be made when arrested for the theft, or when charged with or informed that he is suspected of the theft. Branch's Annotated Penal Code, sec. 2464; Hodge v. State, 41 Texas Crim. Rep., 231, 53 S. W., 862. Mr. Branch in his Anntated Penal Code, sec. 2464, further states the rule as follows: "The explanation, to be admissible, must be made when the party is first directly or circumstantially called upon to explain his possession of property recently stolen."

In support of the rule, among others, the following authorities are cited: Martin v. State, 32 Texas Crim. Rep., 443, 24 S. W., 512; Threadgill v. State, 32 Texas Crim. Rep., 451, 24 S. W., 511; Johnson v. State (Texas Crim. App.), 55 S. W., 576; Vargas v. State, 60 Texas Crim. Rep., 196, 131 S. W., 594. It is shown in the bill of exception that appellant had made a voluntary confession prior to the date the examining trial was held. The first statement he made concerning the transaction, as far as the record reflects the matter, was contained in his voluntary confession. It is thus seen that the statement in the examining court was not made at the time appellant's possession was first challenged, he having sometime prior thereto, made the declarations embraced in the confession hereinbefore set forth.

Appellant's coprincipal, Campos, had been jointly indicted with appellant for the offense of theft of the automobile in question. After a severance, Campos was first placed on trial, and convicted. Appellant sought to use Campos as a witness in his behalf. The court committed no error in rejecting Campos' testimony. He being indicted for the same offense as appellant, under the provisions of article 711, C. C. P., could not be introduced as a witness for appellant. The statute expressly pro-

vides that under such conditions co-defendants may not be introduced for one another. Majors v. State, 107 Texas Crim. Rep., 304, 273 S. W., 267.

Bill of exception No. 4 embraces a number of extended arguments of the district attorney, it being shown in the bill that appellant objected to such arguments. We deem it unnecessary to set out the arguments. We are unable to reach the conclusion that the bill reflects reversible error.

Appellant sought to have the jury instructed as follows: "If you do not believe from the evidence beyond a reasonable doubt that Genaro Hermosillo (appellant) as charged in the indictment, intended to appropriate the automobile as a whole (as distinguished from a part thereof, such as its tires, tubes and rims), to his own use, or the use of himself and Guillermo Campos, then you will acquit him."

Appellant contends that the undisputed evidence shows that the automobile was removed only a short distance away from the garage of the injured party, and that there was no obstancle to taking it entirely away from its owner under its own power had appellant desired to appropriate the car to his own use and benefit. Stated in another way, appellant contends that the jury would, in the light of the evidence, have been warranted in concluding that it was the intention of appellant and his co-principal to appropriate only the tires, tubes and rims, and that they had no intention to appropriate the automobile to their own use and benefit.

In a case in which the evidence raises the defensive theory in an affirmative way, it is incumbent upon the court to submit it. Escobedo v. State, 88 Texas Crim. Rep., 277, 225 S. W., 377. We find nothing in the present record, however, which brings this principle into operation. There was no evidence, which, in our opinion, called for the giving of the charge in question. Appellant testified on the trial, in effect, that his co-principal Campos tried to get him to aid him in stealing the automobile; that he declined to aid him, and advised him not to take the car; that after Campos had taken the car and pushed it for several blocks along the street, he (Campos) told him that if he would help him take the tires he would leave the car on the street. Thus, according to appellant's theory of the case, Campos stole the car unassisted by appellant. Under appellant's testimony, his affirmative defense was that the car had already been stolen by Campos, and that he became connected with the transaction in aiding Campos to remove the casings. This defense, based upon appellant's testimony, was submitted in the charge of the court, as follows: "And, if you believe from the evidence that this defendant Hermosillo, when he knew Campos was taking the automobile, endeavored to dissuade him, had nothing to do with the taking, and left Campos at the time of its taking and only returned later and assisted Campos in

stripping it, as he has testified, or if you have a reasonable doubt concerning this, you will acquit the defendant."

In Escobedo v. State, supra, the state relied largely upon the confession of Escobedo, in which he stated that he and one Cervantes took a car from a street in San Antonio and drove it eleven or twelve miles out of town, where they stripped it of the battery, tires and rims, and abandoned it. The confession further showed that some of the parts stripped from the car were sold and the money divided. The contention was made that the evidence presented an affirmative theory that the taking of the car was merely for the purpose of appropriating some of its parts, and that the court should have instructed the jury that if they believed that there was an absence of intent on the part of Escobedo at the time he took the car to appropriate it to his own use he should be acquitted. In holding that the evidence failed to raise the issue, Presiding Judge Morrow, speaking for the court, used language as follows:

"The facts before us do not, in our judgment, suggest any other intent to do with the car than what was actually done—to deprive the owner of its value and appropriate it to the use of appellant. The part of the car that was found, we understand from the evidence, was concealed. Its condition was not analogous to that of a horse that was turned loose on the range or on the road, that it might return to its owner; but the part of the car in the condition found was not an automobile in the sense that it was one at the time it was taken. Parts essential to its use as an automobile had been removed and appropriated by the appellant. The part of the car that was found could only be used as a vehicle by the assembling of the missing parts, or others similar thereto, and their replacement in the car; so that, whether it was the intent of the appellant to return and remove the remainder of the car or not, his possession of it amounted to an appropriation, and did not suggest a taking for temporary use."

Any intention of holding that the charge sought by appellant would, in any event, be an appropriate instruction in a case of the nature under consideration, is disclaimed.

Appellant sought to have the jury, by his requested charge, instructed as follows: "Unless you believe from the evidence, beyond a reasonable doubt, that Genaro Hermosillo did participate in the offense charged, by taking the automobile, or assist in the taking, or encourage by word or act the taking, even though you do believe that after the automobile reached the place it was left on the night of July 6, 1931, that he did remove tires, tubes or rims from the automobile, or assisted in so doing, and appropriated such parts to his own use, with the intention to deprive the owner of the value thereof (meaning of such parts), you will nevertheless acquit him, and find him by your verdict not guilty."

After defining the law of principals, the court instructed the jury, in the main charge, in substance, that in order to constitute appellant a prin-

cipal it was necessary not only that he was present and knew the unlawful intent of Campos, but that he must have aided him by his acts in taking of the automobile. The jury were then instructed that unless they believed from the evidence beyond a reasonable doubt that appellant aided Campos in the taking of the automobile that they would acquit him. They were further instructed that if they believed that appellant attempted to dissuade Campos or had nothing to do with the taking of the car, to acquit him. The jury were pointedly instructed in the main charge that if appellant's connection with the transaction was in assisting Campos in stripping the car he should be acquitted. The doctrine of reasonable doubt was appropriately applied to the charges embracing the affirmative defense. If it should be conceded that the charge presented by appellant was correctly drawn, and embraced a correct proposition of law, the fact that the court in the general charge had adequately submitted the affirmative defense justified the refusal of the special charge.

The court instructed the jury as follows: "You are instructed that when a person takes and removes from the possession of the owner an automobile, with intent to remove therefrom such parts as he may desire and to abandon the remainder, this constitutes an appropriation of the entire automobile for the taker's use or benefit and is depriving the owner of the value of the automobile."

We doubt the propriety of giving the charge in question. However, nowhere in the record is it shown that appellant excepted in writing to the court's charge. It is recited in bill of exception No. 8 that before the charge was read and within a reasonable time after it was submitted to counsel for examination, counsel presented to the court the general objection that the law was not charged therein applicable to the peculiar facts of the case, and that that part of the charge above set out was objected to on the ground that it was opposed to "the real law applicable to the facts presented." As heretofore stated, no separate instrument bringing forward any exceptions to the charge of the court appears in the record. The bill of exception in question fails to show that appellant presented any objections thereto in writing, distinctly specifying each ground of objection. Article 658, C. C. P., provides that before the charge is read to the jury the accused or his counsel shall have a reasonable time to examine the same, and that he shall present his objections thereto in writing, distinctly specifying each ground of objection. Objections to the court's charge, under the express provisions of the statute, must be in writing. Castelberry v. State, 88 Texas Crim. Rep., 502, 228 S. W., 216; Ross v. State, 114 Texas Crim. Rep., 127, 24 S. W. (2d) 404.

Appellant brings forward a bill of exception in which complaint is made of the action of the court in overruling his motion for a new trial in so far as same was based on the allegation that he had discovered new testimony since his conviction. The witness alleged to be newly discov-

ered was in the place where appellant spent the night on the occasion of the theft. Appellant knew that this witness was in the house, and it is not shown that either appellant or his counsel made any effort to talk to the witness before the trial. It was incumbent upon appellant to satisfy the trial court that the new testimony came to his knowledge after the trial, and that it was not owing to the want of due diligence that it was not discovered sooner. Branch's Annotated Penal Code, sec. 198; Blackwell v. State, 29 Texas App., 194, 15 S. W., 597; Whitfield v. State, 40 Texas Crim. Rep., 14, 48 S. W., 173. The record reflects that appellant failed to use the diligence demanded by the law.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant again urges objection to argument of state's counsel. The bill of exception taken thereto sets out objection to two other parts of the argument, each of the three objections relating to different parts of said argument. We do not think the objection to any of them well taken. A jury does not have to accept any explanation of incriminating facts which rests wholly upon the testimony of the accused, such as for instance that the tail and head lights of a stolen car were not broken by him or his associate; or that a burglary case which he admitted had been made against him, was a mistake, etc. Nor was reference to appellant and his associate in the argument as automobile thieves,—working together,—a statement based on an inference unsupported. In appellant's confession, which was in evidence, he admitted that he and his associate at three o'clock in the morning started out to steal chickens, but not finding any, "We decided to get a car and strip it of tires." The facts fully justified the argument made.

We have examined each of appellant's other contentions and are of opinion that all of them were discussed and properly decided in the original opinion herein.

Finding no error in the record, the motion for rehearing is overruled.

*Overruled.*