### Bill Lemon v. The State.

#### No. 6286. Decided May 25, 1921.

1.—Receiving Stolen Property—Insufficiency of the Evidence—Impeaching Testimony.

Impeaching testimony introduced by the State to discredit its own witness could not have the effect of affirmative testimony showing defendant's guilt, and where the circumstances, either singly or collectively, introduced in evidence by the State were not sufficient to overcome the presumption of innocence, the conviction for receiving stolen property could not be sustained.

2.—Same—Possession—Inference of Guilt—Insufficiency of the Evidence.

Where none of the alleged stolen property was found in the possession of defendant, but was found on the premises belonging to and under the control of the father of the defendant, and there was no assertion of ownership by him, the same was insufficient to justify the inference of guilt. Following Cases v. State, 12 Texas Crim. App., 59, and other cases.

Appeal from the County Court of Swisher. Tried below before the Honorable J. E. Swepston.

Appeal from a conviction of misdemeanor theft; penalty, confinement in the county jail for twenty-five days.

The opinion states the case.

*Culton & Taylor,* for appellant.—Cited Pollard v. State, 26 S. W. Rep., 70; Perkins v. State, 32 Texas, 109; Baum v. State, 133 S. W. Rep., 271.

*R. H. Hamilton,* Assistant Attorney General, and *Jordan & Zimmerman,* and *H. L. Jordan,* County Attorney, for the State.—Cited Brown v. State, 55 Texas Crim. Rep., 9; Thompson v. State, 177 S. W. Rep., 503.

MORROW, Presiding Judge.—Charged with theft and receiving stolen property, appellant was convicted of a misdemeanor; punishment fixed at confinement in jail for twenty-five days.

Appellant and his brother, John Lemon, were charged, by separate indictments, with the theft of certain tools. The articles had been left by the owner in his field about his tractor. He caused a search of the residence of John Lemon and there found some of the articles in his possession. He also caused the search of the premises of the father of appellant and in one of the outhouses, among other tools, he found some articles, to the identity of which with those lost the owner testified. There was evidence that the appellant and his brother John were near the tractor at a time when they might have taken the property.

John Lemon, who had been convicted and satisfied the judgment introduced by the State, testified that he took the property including some gasoline; that the appellant was present but took no part in the offense but protested against his brother doing so. He also declared, on cross-examination, that he had made this same statement upon his trial. The county attorney who conducted the trial of John Lemon, testified on behalf of the State that John Lemon, on his own trial, did not say that the appellant had no connection with it but had testified that appellant raised the seat and took the cap off the gasoline tank in order that John Lemon might pour the stolen gasoline in the car.

The circumstances under which this contradicting testimony was given are not made sufficiently clear for us to determine whether any rules of procedure were transgressed therein or not.

The court instructed the jury that the office of the testimony of the county attorney was limited to the impeachment of the statements of the witness John Lemon. The State's case rests upon circumstantial evidence alone. The circumstances consist in the presence of the appellant at the time the offense was committed, the fact that John Lemon put the articles which he stole in the car in which he and his brother were riding, and the fact that some articles identified as stolen were on the premises of the father of appellant. It did not appear that appellant knew any of the articles were in the car. We do not regard these circumstances, either singly or collectively, of sufficient cogency to overcome the presumption of innocence. They are consistent with the defensive theory developed by the State's own witness, John Lemon, that the appellant, while present, took no part in the commission of the offense but protested against it. The impeaching testimony introduced by the State to discredit John Lemon could not have the effect of affirmative testimony showing appellant's guilt. Giving it its full scope, it could have but discredited the witness relied upon by the State, namely, John Lemon.

The evidence of possession does not justify the inference of guilt. None of the property was found in the possession of the appellant. The extent to which the State's testimony on the subject goes is that it was on the premises belonging to and under the control of the father of the appellant; that it was in an outhouse with other tools. There is an absence of any assertion of ownership by the appellant. The inadequacy of this testimony is illustrated by numerous decisions. Cases v. State, 12 Texas Crim. App., 59; Branch's Ann. Tex. Penal Code, Sec. 2463; Russell v. State, 86 Texas Crim. Rep., 609, 218 S. W. Rep., 1050; Field v. State, 24 Texas Crim. App., 428; Underhill on Crim. Evidence, Sec. 300, page 527.

From what has been said it follows that, in our opinion, the judgment should be reversed and the cause remanded.

*Reversed and remanded.*