### DALLFUS BEATHARD V. THE STATE.

No. 16584.   Delivered March 28, 1934.

The opinion states the case.

*Tom. F. Coleman,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary of private residence; the punishment, confinement in the penitentiary for five years.

C. F. Hawkins lived with his family near the town of Overton. On September 17, 1931, he and his family left their residence at 7 p. m. Upon his return home at 8 o'clock in the morning of September 19, 1931, Mr. Hawkins discovered that someone had broken a window and entered his house. Approximately one hundred thirty dollars worth of wearing apparel had been taken. Some of the property had been in a trunk. This trunk had been carried from the house and unlocked. On the morning after the burglary Bob Neal, a neighbor of Mr. Hawkins, found the trunk that had been taken from the house about 150 yards from his home. About 200 yards from Mr. Neal's house was the automobile of John Henry Watkins. It had been run up against a pine tree and wrecked. The car was

headed in the direction of the home of Jake Watkins, a brother of John Henry. Later in the day John Henry and Jake came and got the car. Appellant was not with them. More than a year after the burglary officers found a pair of Mr. Hawkins' pants in the possession of John Henry Watkins. At the home of Sam Hays they found, in a trunk belonging to Mrs. Sam Hays, a sheet and a negligee belonging to Mrs. Hawkins. They found none of the stolen property in the possession of appellant. Mrs. Roquemore, who resided in the home of Sam Hays during September, 1931, testified that the negligee and sheet found in Mrs. Hays' trunk had been brought to the house by appellant and his brother, David Beathard. She testified further that the parties came to the house sometime in September and handed Mrs. Hays a package, saying that they had gotten the articles in the oil field. John Henry Watkins, who was given immunity by the state, testified that appellant and his brother David gave him the pants belonging to Mr. Hawkins. He testified further that appellant and David had some other clothing in their possession at the time. Touching the finding of his automobile near the scene of the burglary, John Henry Watkins testified that Sam Hays and appellant's brother David were with him in the car at the time it was wrecked. Appellant was not present. As they passed near the burglarized house they struck a mud hole and ran into some pine trees, wrecking the car. He testified that on the night the car was wrecked Sam Hays and David Beathard spent the night with him. Again, he testified that appellant had already left his house. Mrs. Sam Hays testified that appellant and David Beathard, who were her brothers, brought the sheet and negligee to her house and gave the articles to her. It appears that the wife of John Henry Watkins was appellant's sister. John Henry Watkins, David Beathard and Sam Hays had been indicted for the burglary.

Appellant introduced many witnesses from Milam County who testified that appellant was not in Rusk County at the time of the burglary, but was at his father's place in Milam County.

The opinion is expressed that the circumstances fail to exclude every other reasonable hypothesis except appellant's guilt of the offense of burglary. The very reasonable hypothesis arising from the circumstances shown by the State would be that John Henry Watkins, in whose possession part of the stolen property was found, Sam Hays and David Beathard committed the burglary. Not only was possession of part of the stolen property shown to be in John Henry Watkins, but his automobile was near the place where the trunk had been broken and rifled. He testified himself that appellant was not present with

him when the automobile was wrecked. Notwithstanding the proof showed possession of part of the stolen property in appellant, the reasonable hypothesis arises that John Henry Watkins and others committed the burglary without appellant's participation therein.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.