JOHN HARROLL v. THE STATE.

No. 19701.   Delivered May 4, 1938.
Rehearing denied June 8, 1938.

The opinion states the case.

*Gray Browne* and *Stinson, Hair, Brooks & Duke,* all of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The offense is burglary, and the punishment assessed therefor is two years confinement in the penitentiary.

There are no bills of exception in the record. The facts show that about October 2, 1937, some one made an unlawful entry into the seed house of the Co-operative Gin at Tuscola in Taylor County, Texas, and abstracted therefrom some six or eight hundred pounds of cotton seed. The entry was made at a bulged or opened seam of the building containing such seed. There were footprints inside of such building at such bulged place, as well as on the outside thereof, as well as seed scattered on the ground. The seed immediately inside such place also bore evidence that they had recently been disturbed. This seam or bulged place was not a place of entry, but seemed to be a large enough aperture for the introduction of a part of or possibly all of a man's body. It appears from the testimony that cotton seed had been taken from the building through such aperture. That such an entry constitutes burglary is clear from the authorities cited in

Branch's Penal Code, Section 2339, page 1279: "An entry into a house made at an unusual place with intent to commit a felony or theft, is a burglary by breaking, * * * " and see cases there cited.

The court properly charged the jury on circumstantial evidence, and also defined the term "breaking" as set forth in Article 1394 of the Penal Code, and we find no error in his well phrased charge.

However, the sufficiency of the facts herein has given us much concern. That Mr. Fogle lost about the amount of cotton seed that was found in appellant's truck is clear; that he had no possible way of identifying such cotton seed is equally clear; he had a large amount of seed in his seed house; that there were no peculiar characteristics of such seed that would enable him to identify such upon an examination thereof; that the night watchman saw a truck that "looked like appellant's" coming from the general direction of this seed house, but he was a block away from it, and could not identify it, nor tell who was in the truck, nor what it contained; that later on that night a truck belonging to appellant, containing about 800 pounds of cotton seed, was found in appellant's father's yard, but appellant was not there at the time. Upon appellant's return thereto, he was informed that such truck had been taken in charge by the officers, whereupon he made the statement that the seed therein belonged to his brother who was moving and who had paid him for moving such seed, and that in the morning he would go and make the officers give him back this seed. Controverting such statement, however, we find that the appellant did not on the next day demand the return of his seed, but that he made two unsuccessful efforts that night to sell such seed.

In the court's proper charge on circumstantial evidence we find that he told the jury that: "All the facts (that is, the facts necessary to the conclusion) must be consistent with each other and with the main facts sought to be established, and the circumstances taken together must be of a conclusive nature, leading on the whole to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused committed the offense charged.

"It is not sufficient that the circumstances coincide with, account for and therefore render probable the guilt of the defendant, they must exclude to a moral certainty every other reasonable hypothesis than that of the defendant's guilt, and unless they do so, beyond a reasonable doubt, you will find the defendant not guilty."

Under such an instruction and the facts herein we are forced to the belief that the facts herein presented do not meet up to the standard thus demanded by the law. See Branch's Penal Code, Section 1877, and cases there cited; also Green v. State, 31 S. W. 386; Beathard v. State, 70 S. W. (2d) 151; Moreland v. State, 72 S. W. (2d) 273; Edmonds v. State, 68 S. W. (2d) 509.

On account of the insufficiency of the evidence, and under such prior holdings of this Court, this judgment is reversed and the cause remanded.

## ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—After a re-examination of the statement of facts in the light of the State's motion for rehearing we are still of opinion that the evidence is not sufficient to support the conviction.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.