WILLIAM ODELL JOHNSON V. STATE

No. 29,437. January 15, 1958.

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Thomas D. White* and *Frederick W. Robinson,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Felony theft is the offense; the punishment, two years in the penitentiary.

Morris owned an outboard motor of the value of $250 or $300. On December 25, 1956, the motor was in the possession of Miller, who operated a fishing camp. Morris paid Miller "by the month to keep that motor." Matthews was an employee of Miller and was in charge of the camp when Miller was away. About five o'clock on the afternoon of the day mentioned, Matthews saw appellant loading the motor in his truck. Matthews asked appellant "what he wanted," to which inquiry appellant replied that "he wanted to get his friend's motor and use it." Appellant then drove away, with the motor in the truck.

Miller was not at the camp at the time the motor was taken. He had been away from the camp about an hour. His absence therefrom was only temporary, however.

The next day Miller discovered the motor was missing and notified Morris of that fact. He also secured from the justice of the peace a warrant for appellant's arrest. This warrant was placed in the hands of Constable Anderson, who arrested appellant the following day.

At the time of the arrest appellant told the constable that the motor was at the home of a girl friend. He, the appellant, asked and was granted permission to telephone the girl friend. At the conclusion of the conservation between them, the constable, too, at the girl's request, talked with her on the telephone. She told him she would take the motor to the police station. Later she appeared there with the motor and delivered it to Miller and the constable.

Appellant called the girl friend, Doris Purvis, as a witness and proved by her that he came to her house the morning of December 25, 1956, in a drunken condition; that about 7:30 o'clock that night appellant called her by telephone to come get him at a designated service station; that she went to the service station and saw appellant with an outboard motor in his possession; and that she and appellant then went to her home and he stored the motor in her garage, where it was kept until they "found it was stolen," at which time she delivered it to the constable.

The appellant did not testify.

It is insisted that a variance exists between the allegation of the indictment and the proof as to the ownership of the motor.

The indictment alleged that the motor was the property of Miller.

Appellant insists that the proof showed that Matthews was the special owner of the property rather than Miller.

Miller was a special owner of the motor. The fact that he was temporarily away from the camp would not constitute the employee as the owner of the motor. 41 Texas Jur., Sec. 32, p. 47.

As heretofore pointed out, Doris Purvis saw appellant at

the service station about two and a half hours after the motor was taken.

Appellant offered to prove by Doris Purvis that at that time, in answer to her inquiry as to whom the motor belonged, he gave the following explanation:

"He told me some man named Fields had *drove* them to the lake and told him to take it and keep it unti*l* he called for it—Fields left the lake where they had been drinking together, he told me he thought Fields was in the Humble jail. We asked the fireman there at the jail—he said he didn't know and we called in the jail—they said there was no one named Fields. I suggested it might be stolen and he said no he used it all that day. And it stayed in my garage until we found it was stolen and I took it to the station."

The state's objection that the testimony was a self-serving declaration by the appellant and was therefore inadmissible was sustained by the trial court.

There is no question but that it is a sound and well-established rule of law that an accused cannot strengthen or support his case by his own declarations. 18 Texas Jur., Evidence—Criminal Cases, Sec. 77, p. 152. Exceptions, however, must exist to this rule which authorize the introduction of declarations by the accused that would otherwise be self-serving. Among these exceptions are (a) declarations made in explanation of stolen property in theft cases and (b) declarations which are a part of the res gestae.

In Hermosillo v. State, 120 Texas Cr. Rep. 605, 49 S.W. 2d 798, we said:

"It is the rule that the accused's explanation of his possession of property supposed to have been recently stolen is admissible as original evidence in his behalf if made at the time his possession was first directly or circumstantially challenged, or when charged with the theft."

In order for his explanation to be admissible an accused must be in possession of the property, or the explanation must be made when he is arrested for the theft or when charged with or informed that he is suspected of the theft. Such holding was approved by this court as late as Henderson v. State, 163 Texas Cr. R. 153, 289 S.W. 2d 274.

The question is whether the instant facts come within the rule stated.

Matthews said that about five o'clock in the afternoon appellant took the motor and carried it away. Two and a half hours thereafter, Doris Purvis went to a filling station as a result of the telephone call of the appellant. Appellant was in the station, with the stolen motor in his possession. The motor was lying on the floor. Doris Purvis asked appellant to whom the motor belonged — thereby at least calling upon him to explain his possession thereof. Appellant explained his possession of the motor by saying that he had taken it, before learning that it might be stolen property, at the direction of a man by the name of Fields, who told him to keep it until he called for it.

If appellant acquired the motor under such circumstances he would not be guilty of the theft thereof, because of the absence of an intent on his part to deprive the owner of it and appropriate it to his own use and benefit. Those elements of intent are necessary to the crime of theft.

Appellant's explanation of his possession thereof took place before the owner had discovered that the motor had been stolen. He did not learn about it until the next day.

The conclusion is expressed that appellant's explanation of his possession of the motor comes within the rule stated and was admissible.

Having reached the conclusion that the testimony was admissible as an explanation by appellant of his possession of recently stolen property, it is not necessary that we determine whether the statement to the witness Doris Purvis was a part of the res gestae.

For the reason stated, the judgment is reversed and the cause remanded.