Gussie Lee THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43384.

Court of Criminal Appeals of Texas.

Jan. 27, 1971.

Norman Kinne, Dallas, Court-appointed for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an out-of-time appeal from a conviction of the offense of burglary, with the punishment, enhanced by two prior non-capital felonies, at life imprisonment.

Trial was before a jury on a plea of not guilty.

James Lee Fantroy testified that on October 30, 1963 he was the owner of the Blue Monday Drive-in at 1808 North Hall Street in Dallas, Texas. At approximately 12:15, on the morning of October 30, 1963, he closed the drive-in restaurant, locking all the doors and windows. When he returned to work a few minutes before 8 a. m., he found the front door unlocked, two vending machines broken open, and a piece of tin over the rear window pried loose. Some boxes of cigars were missing.

Ruby Cleveland testified that on October 30, 1963 she was a waitress at the Blue Monday Drive-in. She arrived at work at about 8 a.m. that morning; Fantroy was already there, she saw that the cigarette, jukebox and pinball machines had been broken into. The cigars, which had been behind the counter, had been taken. She normally erased the prices on boxes of cigars and put new prices on them. She had put the new prices on the box of King Edwards which had been taken, but not on the Loveras or Roi-Tans. To her knowledge Blue Monday was the only store that followed this procedure of marking cigars with a different price.

Stewart Ravkind testified that on the day in question, he was the manager of Randy's Drive-in at 1814 Hall Street, which is next door to Blue Monday. On October 30, 1963 he bought some King Edward cigars from the appellant. The following day Fantroy came by, and from the peculiar markings identified the cigar boxes which had been taken from his store. Later that day the appellant returned to Randy's Drive-in with a sack of cigar boxes. Fantroy was notified and went to Randy's and on the way he met a man, whom he later identified to be appellant, carrying a box of cigars.

After talking with Ravkind, he began following the appellant. He called the police from a phone booth and followed the appellant for several blocks, until the appellant boarded a city bus. Fantroy called the police again and told them where he was. The police found him, chased the bus and stopped it. The appellant was found inside and removed from the bus. A box of unmarked cigars was found under his seat. Fantroy could not positively identify them as coming from his store.

Bob J. Kimbrell, a Dallas police officer, testified that on the day in question he received a call to go to the corner of Washington and Munger Streets where he found Fantroy. They chased the bus and stopped it. Fantroy identified the appellant to him, and he arrested the appellant. Fantroy went in the bus and came back with a box of Roi-Tan cigars.

Appellant's first ground of error is that the evidence is insufficient to support the verdict and judgment.

The evidence against the appellant consists of testimony that he possessed and sold cigars taken from a store which had been burglarized, and that on the next day he possessed unmarked cigars which could not be identified as coming from that

store. On both occasions, he was very near to the store that had been burglarized.

Where the evidence establishes that there has been a burglary, and part of the property stolen in the burglary is found in a person's possession, the proof of that person's unexplained possession of the recently stolen property is sufficient to sustain a conviction for burglary. Adame v. State, Tex.Cr.App., 372 S.W.2d 545; Coronado v. State, 167 Tex.Cr.R. 206, 319 S.W.2d 104; 4 Branch's Ann.P.C.2d 869, Sec. 2537. Possession of recently stolen property, to warrant an inference of guilt, must be personal and exclusive, unexplained, and involve a distinct and conscious assertion of property by the defendant. Prather v. State, 128 Tex.Cr.R. 342, 81 S.W.2d 528; McKnight v. State, Tex.Cr.App., 399 S.W.2d 552.

In this case, appellant had exclusive and personal possession of stolen cigars. By selling them, he asserted that they were his property. His possession was unexplained.

The evidence is sufficient to sustain the jury's verdict.

■ Appellant's second ground of error complains of the reading to the jury of the second and third paragraphs of the indictment, which alleged a prior conviction for enhancement of punishment. The trial in this case occurred on March 24, 1964. Although not allowed under the present Code of Criminal Procedure, this Court has consistently held that, under the Code in effect at that time, reading the entire indictment in an habitual offender case did not deprive a defendant of a fair trial. Platt v. State, Tex.Cr.App., 402 S.W.2d 898; Stoneham v. State, Tex.Cr.App., 389 S.W.2d 468; Carso v. State, Tex.Cr.App., 375 S.W.2d 297. See Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

Appellant's second ground of error is overruled.

The judgment is affirmed.