**James J. HAYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43411.

Court of Criminal Appeals of Texas.

Feb. 3, 1971.

Rehearing Denied March 24, 1971.

Lockhart, Lindsey & Neal, by Charles E. Neal, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for theft of cattle. A jury assessed the punishment at five years confinement in the Texas Department of Corrections.

The appellant assigns seven grounds of error which the Court will consider as three grounds as follows: (1) Failure of the trial court to grant a continuance; (2) Failure of the trial court to give appellant's requested charge on circumstantial evidence; (3) Sufficiency of the evidence to sustain the conviction.

The first ground of error has been waived by appellant in oral argument before this Court and we further have examined the record and find nothing presented for review. This ground of error is overruled.

■ Although the trial court did not give the requested charge on circumstantial evidence, the court correctly charged on circumstantial evidence and no error is presented. Smith v. State, 157 Tex.Cr.R. 637, 253 S.W.2d 665; Serrato v. State, 74 Tex.Cr.R. 413, 171 S.W. 1133; Harroll v. State, 135 Tex.Cr.R. 65, 117 S.W.2d 103. The second ground of error is overruled.

Appellant's other grounds of error challenge the sufficiency of the evidence.

■ The record reflects that on April 25, 1969, 30 head of cattle were confined in pens on the premises of the M & R Meat Company in Potter County. The cattle were the property of Benny Lippold and were being kept at the Hulett-Carver feed lot, which adjoined M & R. The evidence showed that sometime during the previous night they had been taken, without permission, from the Hulett-Carver premises to the M & R premises.

No cattle had been on the M & R premises prior to this time.

The evidence further shows that M & R was a company formed to slaughter cattle, but that no cattle were ever slaughtered there. The appellant was employed there as manager of the front office and purchasing agent. Although on salary, he would have received the profits from any cattle slaughtered which he owned.

On the night of April 24, 1969, the appellant told Eldrich Munsey, one of the two owners of M & R, that he had some cattle at the plant, and that the cattle had come from Hereford. Gary Reid, the other partner, overheard this conversation and quoted appellant as saying that the cattle were to be slaughtered the following morning. Appellant also told two butchers to be

at work early the next morning to butcher some cattle.

The case was submitted to the jury on a charge of circumstantial evidence.

Since there is no evidence that appellant was present at the time of the taking, the state must rely on the appellant's unexplained possession of the recently stolen property to support the conviction.

Possession of recently stolen property, to warrant an inference of guilt, must be personal and exclusive, unexplained, and involve a distinct and conscious assertion of property by the appellant. Thomas v. State, 462 S.W.2d 294 (delivered January 27, 1971); Jesko v. State, Tex.Cr.App., 458 S.W.2d 927; McKnight v. State, Tex.Cr. App., 399 S.W.2d 552.

This Court has held that where stolen property is found on premises to which several persons have access, mere joint control over the premises with others will not warrant an inference of guilt. McKnight v. State, supra; 55 Tex.Jur.2d, Theft, Section 215, page 484. However, the test is whether the appellant makes an assertion of ownership over the stolen property. McKnight v. State, supra; Jesko v. State, supra; Lemon v. State, 89 Tex.Cr.R. 361, 231 S.W. 388.

Here by telling Reid and Munsey that he had some cattle from Hereford at the plant (which cattle had been clearly identified as coming from the feed lot), ready to be slaughtered, the appellant demonstrated a distinct and conscious assertion that they were his property. His telling the butchers that the cattle were at the plant to be slaughtered further proves that they were in his possession.

The evidence is sufficient to show that the cattle were in the appellant's possession; this possession was unexplained.

The trial court fully charged on circumstantial evidence and with possession of the cattle being unexplained, no further charge was necessary, more especially

since none was requested. McNeely v. State, 106 Tex.Cr.R. 605, 294 S.W. 566; Bonners v. State, Tex.Cr.App., 35 S.W. 650.

There being no reversible error, the judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

On rehearing appellant complains that this court failed to give due consideration in our original opinion to his contention that the evidence was insufficient to show the ownership of the cattle was in Larry Carver as alleged in the indictment.

The record reflects that the actual owner of the 30 head of cattle was Benny Lippold. He testified he left such cattle with the Hulett-Carver Feed Lot to be fattened.

Larry Carver testified he was a partner in the feed lot operation and manager thereof at the time in question, and that the feed lot was fully rsponsible as long as the cattle were in the yards of such feed lot. He related that he and his partner would bear the financial loss in the event any cattle were stolen. He testified he did not give any person permission to take the cattle in question out of pen No. 22–1 of the feed lot of which he was manager.

He further revealed that the cattle were in the pen at the time he made his rounds at approximately 5 o'clock on the afternoon before the alleged theft.

"Ownership and possession may be alleged in the person having actual control, care and management of the property at the time of the theft, since such person is known in law as the special owner, and it is immaterial whether the title be in a corporation, a partnership, or a private person.

\* \* \* \* \* \*

"Ownership may be alleged in a special owner and it would make no difference whether he would be responsible to the actual owner or not if he had the actual control, care and management of the property at the time of the theft.

"Where property is owned in common or jointly by two or more persons—either as general or special owners—the ownership may be alleged to be in all or either of them." 5 Branch's Ann.P.C., 2d ed., Sec. 2621, p. 69–70. See also 55 Tex.Jur.2d, Theft, Sec. 125, p. 384.

We conclude that the evidence is sufficient to reflect that Carver who was alleged as the special owner of the cattle had the actual care, custody and management thereof at the time of the theft. See Johnson v. State, 165 Tex.Cr.R. 468, 308 S.W.2d 869.

We have examined appellant's other contentions urged on rehearing and remain convinced that this cause was properly disposed of on original submission.

Appellant's motion for rehearing is denied.