Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

**Reginald LAWRENCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44536.**

Court of Criminal Appeals of Texas.

Feb. 2, 1972.

Rehearing Denied March 22, 1972.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for sale of marihuana with punishment assessed at five years. The trial was before the court upon a plea of not guilty.

Appellant's sole contention is that there was insufficient evidence to establish appellant as a principal to the offense.

Viewing the evidence in the light most favorable to the trial court's judgment, the record reveals the following probative facts which implicate appellant. Officer Sides, of the Austin Police Department, testified that he and an informant named Willie Eaton met appellant at 2212 San

Gabriel, in Austin, on the day in question. Eaton and the appellant entered an apartment house at said address and after a short time both returned to the car occupied by Sides, where the following events transpired as related by the testimony of Sides.

"A They came back on the left side of my automobile, standing approximately five feet from me, and Mr. Lawrence stated, 'Where is the man that wants the grass?' And I stated, 'I am the one.' And he says, 'How much do you want,' and I says, 'One lid.' And he says, 'Well, I don't have it here. Wait ten minutes, and I will have my man deliver it to you.'

"Q He said, 'Wait ten minutes, and I will have my man deliver it to you?'

"A Yes, sir. He also stated, 'I have got to leave now. My man will bring it here; you all stay where you are at.'"

\* \* \* \* \* \*

"A Approximately ten minutes to the time they (appellant was accompanied by three other persons to the address in question) pulled off the lot, a young—appeared to me a young colored male, I had identified as being Joseph Bernard Clay, walked up to the parking lot, walked up to my car, and he said, 'Who wanted the marijuana?' And I indicated that I did. He pulled up his shirt, reached inside, opened up his pants, and pulled out one bag of marijuana and handed it to me."

Sides further testified that one William Lott was the person who delivered the marihuana to him rather than Clay, and that he paid Lott fifteen dollars for the marihuana.

The appellant cites Sherrad v. State, 167 Tex.Cr.R. 119, 318 S.W.2d 900. In Sherrad, accused offered to sell officer one pound of marihuana for $50.00; the officer paid $10.00 and agreed to return the next day. Upon returning the next day, the officer paid $40.00 to another person who told him the "stuff" was ready. This Court held if conviction was based wholly or in part upon transaction between officer and other party, it could not be sustained in absence of evidence establishing that accused was a co-principal with such other person as a principal. This Court, in Sherrad, further said:

"If, as a matter of law, a sale occurred when Richards talked to Robson and took delivery of the marijuana, then the trial court was clearly in error in failing to charge on the law of principals and the law of circumstantial evidence. If upon another trial the evidence raises the issue, the court should give the charges requested."

In the instant case, the trial being before the court, we find it unnecessary to pass on the questions of whether the evidence requires charges on principals and circumstantial evidence.

Appellant contends that since he was not present at the alleged offense, the State must prove the existence of conspiracy or an "acting together." In Holt v. State, 144 Tex.Cr.R. 62, 160 S.W.2d 944, this Court said, "If the party charged, though not actually present, is engaged in or is doing something in the chain of causation which leads up to the offense and is a necessary part of its accomplishment, he is a principal, though he may not be at the immediate time actually present." See Ex parte Malone, Tex.Cr.App., 378 S.W.2d 330.

In the instant case, appellant and Officer Sides had discussed the purchase of marihuana, and the appellant said, "Wait ten minutes and I will have my man deliver it to you." Ten minutes later, a man appeared and said, "Who wanted the marihuana?" The transaction was then completed by the exchange of the exact amount of marihuana ordered for fifteen dollars. The foregoing constitutes strong circum-

stantial evidence that appellant and the person who delivered the marihuana were acting together. Such evidence places appellant in the chain of causation which leads up to the offense. Appellant had a necessary part in the accomplishment of the offense.

The circumstances in this case were such as to justify the trial court in finding that the evidence excludes every other reasonable hypothesis save that of appellant's guilt. See Feldman v. State, 141 Tex.Cr. R. 306, 147 S.W.2d 773.

We find the evidence sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, J., not participating.