**Larry Joe NALLS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44776.**

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Henry Oncken, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant entered a plea of guilty before the court on April 18, 1969, and was adjudged guilty of the offense of burglary with the intent to commit theft. The punishment assessed was ten years imprisonment. The imposition of the sentence was suspended and the appellant was placed on probation.

On January 29, 1971, the court heard the state's motion to revoke probation and found the appellant had violated the condition of his probation that he would "commit no offense against the laws of this . . . state . . ." The court then entered an order revoking probation and sentenced the appellant.

The appellant complains that the trial court abused its discretion in revoking probation because "there is no evidence of violation of conditions of probation to sustain a finding of violation and resulting revocation."

The amended motion for revocation of probation alleges, among other things, that the appellant "on or about January 16, 1970, in Harris County, Texas, committed the offense of burglary; and that said de-fendant on or about January 16, 1970, in Harris County, Texas, committed the offense of felony theft."

The evidence shows that the apartment of Johnny Sassano was broken into by having the latch on the door pried off, on January 16, 1970. Sassano had not given his consent and permission for the appellant to enter his apartment or to take any of his property. After the breaking and entry of his apartment on the date stated, Sassano missed three rifles and two shotguns, which had been hanging on a gun rack in the apartment. A 30.06 rifle, which Sassano identified as his, and as one being taken in the burglary of his apartment, was recovered from Jessie Neil Spence two days after Sassano's apartment had been broken into.

Jessie Neil Spence testified that he bought two shotguns and the 30.06 rifle and another rifle from the appellant for $125.00. There was testimony that the 30.06 rifle was of a value in excess of $50.00 at the time that it was taken. The appellant's personal, exclusive, unexplained possession and sale of the recently stolen property was sufficient to prove the offense of burglary and theft as alleged in the amended motion for revocation of probation. See Smith v. State, 472 S.W.2d 121 (Tex.Cr.App.1971); Hayes v. State, 464 S.W.2d 832 (Tex.Cr.App.1971); Thomas v. State, 462 S.W.2d 294 (Tex.Cr.App.1971); Jordan v. State, 466 S.W.2d 588 (Tex.Cr.App.1971).

The defense testimony offered by the appellant and his witnesses was before the trial court for its consideration. The court as the trier of the facts is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may accept or reject all or any part of a witness's testimony. Aguilar v. State, 471 S.W.2d 58 (Tex.Cr.App.1971); Maddox v. State, 466 S.W.2d 755 (Tex.Cr.App.1971); Ellis v. State, 456 S.W.2d 398 (Tex.Cr.App.1970); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969).

There being no abuse of discretion, the order revoking probation and the judgment are affirmed.

Opinion Approved by the Court.