**James Edward ROBINSON, Appellant,**

v.

**T,he STATE of Texas, Appellee.**

**No. 45775.**

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Rehearing Denied May 16, 1973.

Charles Fairweather, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Kerry Knorpp, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the sale of marihuana; the jury assessed punishment of five years imprisonment, but made a recommendation that the appellant be granted probation.

The appellant challenges the sufficiency of the evidence to sustain the conviction.

The first count in the indictment alleges that the appellant sold marihuana to Lonnie Watson. It is the State's theory that the appellant is guilty of the sale of marihuana as a principal and the jury was instructed on this theory.

Evidence of the sale comes solely from the testimony of Watson, an undercover agent. He had seen the appellant on several occasions before January 28, 1971. On that day Watson, the appellant, and

from fifteen to twenty other people were gathered in the mall of the Western Plaza. They went from there to a Dairy Queen drive-in where they were discussing and attempting to procure narcotics. The group left the drive-in and went to Elwood Park where they were "generally goofing off"—drinking beer and wine and swinging in the swings. Several left the park, returned to the Western Plaza, obtained their automobiles and went to a restaurant.

Watson testified: "After we got to Denny's Restaurant, there were several of these same people who had been at the Dairy Queen and in the park. And we all sat in Denny's Restaurant and drank cokes and coffee. And when we got ready to leave, the defendant and I were leaving together . . . I told him that I was wanting to get some marijuana the next day . . . [W]henever we got up to the cash register he told me to go to the back and bring up Ronnie Hadley to the front . . . Whenever I brought Hadley to the front, the defendant, Mr. Robinson, talked to him about a hit, and if you got some, fix him up . . . Mr. Hadley, told, ah, to be at the Dairy Queen, I mean the Western Plaza, East entrance, on the next afternoon, kinda late in the afternoon, and he would meet me there and he would either have some marijuana or we could get some . . . The next day I came up to Amarillo again and it was on a Friday afternoon, and I got there sometime around 4:00, and whenever I walked up to the East entrance, the defendant, Mr. Robinson, told me that Ronnie Hadley would be there shortly and he would have a deal for me or the deal was going to go through . . . [H]e was referring to marijuana." Watson did not see the appellant again that day. "[A]fter this I went and sat in my car and took a nap . . . I was awakened by Ronnie Hadley and Jonathan Clark . . . [T]hey got in the car, and Hadley directed me to drive to 312 East 16th Street, just off the Canyon expressway . . . I stopped . . .

and Clark got out of the car and walked around behind the 312 East 16th Street . . . [I]n about two or three minutes he came back and produced a baggy of what I thought to be marijuana. And the exchange was made at that time." Fifteen dollars was paid for the marihuana. "I took Mr. Hadley and Mr. Clark back to the Western Plaza." This was on the 29th day of January, 1971.

██  The appellant's conversations with Watson at Denny's Restaurant and the next day at the Western Plaza mall, which have been recited, would not constitute a sale of marihuana. See and compare Sherrad v. State, 167 Tex.Cr.R. 119, 318 S.W.2d 900 (1958).

It has been generally accepted that under our present law defining principals, Articles 65–69, Vernon's Ann.P.C., there are six different fact situations explained in Middleton v. State, 86 Tex.Cr.R. 307, 217 S.W. 1046 (1919), in which one may be guilty as a principal to a felony offense. They are:

"(1) When A. actually commits the offense, but B. is present, knowing the unlawful intent, and aids by acts or encourages by words.

"(2) When A. actually commits the offense, but B. keeps watch, so as to prevent the interruption of A.

"(3) When A. is actually executing the unlawful act, and B. engages in procuring aid, arms, or means of any kind to assist while A. executes said unlawful act.

"(4) When A. actually commits the offense but B., at the time of such commission, is endeavoring to secure the safety or concealment of A., or of A. and B.

"(5) When A. employs an innocent agent, or by indirect means causes the injury, or brings about the commission of the offense.

"(6) When A. advises or agrees to the commission of the offense, and is present when the same is committed, whether he aid or not."

The court further explained:

"Of these six statutory ways in which parties may act together and be principal offenders, it will be seen that two only require the presence of the co-principal with the one actually doing the criminal act, while four make him a principal though physically absent from the scene of the crime; but no confusion will arise if we keep clearly before us the underlying principle that in every case, no matter what phase of the law is involved, the evidence must show, and the charge of the trial court submit, that at the time of the commission of the offense the parties must be acting together, each doing some part in the execution of the common purpose. As is well set forth in the Cook Case [Cook v. State], 14 Tex. App. 96, just here lies the line of cleavage between accomplices and principals; that is, that unless the accused be then actually doing something which associates him with the execution of the unlawful act at the very time it is done, he would not be a principal. It would be immaterial which one of the six methods mentioned he pursues, but he must be doing something in some one of the ways enumerated." Middleton v. State, supra.

See also Camp v. State, 475 S.W.2d 277 (Tex.Cr.App.1972) and Morrison and Blackburn, The Law of Principals, Accomplices and Accessories, 1 V.A.P.C. XIII (1952).

▮ To be guilty of a felony offense as a principal, a defendant must be actually present at the time of its commission or if not present at the time of the commission of the offense he must at the time the act is being done, be himself actively engaged in the furtherance of the common purpose and design at some other place.

In this case the appellant was not present when Hadley and Clark took Watson to the place where Clark obtained and delivered the marihuana and received payment from Watson. The evidence does not otherwise account for the presence and activities of the appellant at the time of the commission of the offense.

In urging that this case be affirmed the State relies primarily on Lawrence v. State, 477 S.W.2d 275 (Tex.Cr.App.1972). There, Officer Sides and an informer, Willie Eaton, met the defendant. Eaton and the defendant entered a nearby apartment house and after a short time both returned to the car occupied by Sides. The defendant stated, "Where is the man that wants the grass?" And Sides said, "I am the one." The defendant said, "How much do you want?" Sides said, "One lid." The defendant replied, "Well, I don't have it here. Wait ten minutes and I will have my man deliver it to you. I have got to leave now. My man will bring it here. You all stay where you are at." Ten minutes later one William Lott appeared and said, "Who wanted the marihuana?" When Sides replied that he did, Lott gave him a lid of marihuana and received fifteen dollars from Sides. This Court there held that the facts constituted strong circumstantial evidence that the appellant and Lott, who delivered the marihuana, were acting together.

In Lawrence v. State, supra, the defendant went much further and his language used in dealing with Officer Sides could be construed as a sale as that term is defined in Article 725b, Sec. 1(10), V.A.P.C.[1]

▮ The facts in Lawrence v. State, supra, and this case are sufficiently different

1. "(10) 'Sale' includes barter, exchange, or gift, or offer therefor, and, each such transaction made by any person, whether as principal, proprietor, agent, servant or employee."

as to require a different result. We hold the evidence in this case is insufficient to sustain the conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.