**Ervin Newton CRAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 50564.

Court of Criminal Appeals of Texas.

Nov. 26, 1975.

Randell C. Riley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Ward Casey, Bill Leonard and J. Michael Worley, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

Having been indicted for felony theft of an automobile of a value of more than $50, appellant was found guilty and his punishment fixed at confinement for a period of ten years.

The owner of the vehicle was Jack Morris who testified that his 1966 Cadillac was taken from his used car lot by some unknown person during the afternoon of April 30, 1973, without his knowledge and consent and that he recovered it in the police pound in Fort Worth thirty days later. Fort Worth Police Lt. Cunningham testified that he and several others, executing a search warrant on May 29, 1973, located the Morris vehicle in a storage facility in Fort Worth, removed it to the police pound, and permitted Morris to reclaim it.

This storage facility was approximately one acre in size and was surrounded by an eight to ten foot chain link fence. The gate to the entrance to the yard was secured by a chain secured with a combination lock. The police cut the chain to gain entrance. Inside the fence there was a large "L" shaped metallic building which was divided into separate stalls or compartments, each of which could be entered by a home garage type of door, each of the doors being closed at the time of the search. Morris' Cadillac was found to be in one of these compartments. Three other vehicles, whose owners

subsequently testified had been stolen, were found in other compartments in the compound. Six vehicles owned by appellant were exposed to public view inside the fence but not inside a compartment.

The State established that appellant had acquired the storage yard and facilities from one Schoremoyer by contract for deed dated October 6, 1972, having paid $15,000 as a down payment and having made the subsequent monthly installments upon the $50,000 deferred balance. Schoremoyer testified that many persons other than he and appellant knew the combination to the lock upon the gate; that several individuals had stalls rented in the building; and that he had a wrecked diesel truck stored in the yard.

Appellant, in the automobile salvage and used car sales business, had his office and place of business some ten or fifteen blocks from the storage yard and no witness for the State placed appellant near the storage yard at any time material to this case.

Although appellant brings forward three grounds of error, we find it necessary to discuss only the second ground reading:

"The trial court committed material reversible error in allowing the jury to convict this Defendant of Theft Over 50 [of property over the value of $50], by circumstantial evidence in attempting to show Defendant in possession of recently stolen property. [Because] (a) State failed to show it was recently stolen property. (b) State failed to show Defendant was in possession. (c) State failed to show Defendant was in exclusive personal possession."

■ We first dispose of subdivision (a). Since the Morris car was recovered thirty days after its theft, it was recently stolen property. *Wall v. State*, 167 Tex.Cr.R. 634, 322 S.W.2d 641 (1959). See also, *Smith v. State*, 518 S.W.2d 823, 824 (Tex.Cr.App. 1975).

■ We sustain subdivisions (b) and (c) of the ground of error for the reasons now to be stated.

Quoting from 5 Branch's Ann.P.C., Section 2650, this Court stated the rule in *McKnight v. State*, 399 S.W.2d 552, 555 (1966), in this language:

" 'To warrant an inference or presumption of guilt from the circumstance alone of possession, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant.' "

The later cases are in accord with this rule laid down in Branch. See, e. g., *Jesko v. State*, 458 S.W.2d 927, 928 (Tex.Cr.App. 1970); *Thomas v. State*, 462 S.W.2d 294, 296 (Tex.Cr.App.1971); *Hayes v. State*, 464 S.W.2d 832, 833 (Tex.Cr.App.1971); *Huff v. State*, 492 S.W.2d 532, 533 (Tex.Cr.App. 1973).

Appellant did not testify nor did he attempt to offer any explanation of the presence of the Morris vehicle in the compartment of the storage facility. Schoremoyer testified that he had some of his personal belongings stored in one of the compartments and had an inoperable diesel truck stored inside the fence. He also said that some heavy foundry equipment was in one of the compartments. Lt. Cunningham corroborated Schoremoyer in both instances, although he did not attempt to establish ownership of such articles of property.

We reproduce the State's argument in support of its position that the circumstantial evidence was sufficient to support the conviction:

"Testimony established that twenty-six vehicles were found on Appellant's property. The only six automobiles visible from the street belonged to Appellant. The only other vehicle visible from the street was a wrecked truck which belonged to the previous owner of the warehouse. Locked within the warehouse were nineteen other vehicles, none of which belonged to Appellant. The vehicle in stall number 6 was the Cadillac

which had been stolen from Mr. Morris a month earlier. The vehicle in stall number 14 was shown to have been stolen in Terrell, Texas, on April 20, 1973. The vehicle in stall 20 was shown to have been stolen in Denton, Texas, on April 13, 1973. The automobile in stall 16 was shown to have been stolen in Fort Worth, Texas, in April of 1973. All 19 vehicles were returned to their rightful owners." [1]

State's counsel, although attempting to distinguish *Jesko* and *McKnight*, supra, does not cite any authority supporting its position that it has discharged its burden of showing that appellant's possession was "personal and exclusive, . . . and involve[d] a distinct and conscious assertion of property by the appellant." *Hayes v. State*, supra (464 S.W.2d at 833).

Nor does State's counsel make any adequate reply to this holding in *Hayes*, supra:

"This Court has held that where stolen property is found on premises to which several persons have access, mere joint control over the premises with others will not warrant an inference of guilt. . . [T]he test is whether the appellant makes an assertion of ownership over the stolen property."

■ Although the trial court charged upon the law of principals, we have carefully searched the record and find no evidence which would invoke such doctrine. In *Robinson v. State*, 493 S.W.2d 780, 781 (Tex.Cr. App.1973), the Court restated the six different fact situations in which one may be guilty to a felony charge. This language is peculiarly appropriate to the case at bar.

"To be guilty of a felony offense as a principal, a defendant must be actually present at the time of its commission or if not present at the time of the commission of the offense he must at the time the act is being done, be himself actively engaged in the furtherance of the common purpose and design at some other place." 493 S.W.2d at 782

The record does not disclose that appellant's conduct brought him within either of the contingencies mentioned above.

Nor does the fact that three other automobiles found upon the premises under somewhat similar circumstances supply proof that appellant's guilt has been shown. The hard and stubborn fact remains that appellant was not shown to have been involved in either of the thefts or had any connection with the person or persons who appropriated the vehicles. Appellant's only connection with either the Morris vehicle or the other stolen cars was the single fact that each was discovered upon his premises.

Assuming that the proof is sufficient to show that the stolen vehicle was upon appellant's property with his knowledge [from the fact that his own vehicles were upon the lot], there is insufficient evidence to exclude every other reasonable hypothesis except that of appellant's guilt.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

DOUGLAS, J., not participating.

---

1. The reference to the three specific vehicles found in stalls 14, 20, and 16, respectively, is to the testimony of State's witnesses as to other thefts, such testimony being challenged by appellant's ground three as extraneous offenses. We note in passing that none of such testimony places appellant at or near the scene of these other thefts.