Maurice Emanuel v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-140-CR

     MAURICE EMANUEL,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 97-157-CR
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      A house was burglarized and many items were taken. The mailman saw a suspicious-looking person in the front yard of the house, behind some bushes. He also saw a car parked
about 100 feet from the house. He knew the owner of the car. About six weeks after the
burglary, law enforcement officers from a neighboring county saw some of the stolen property
in the car. The owner of the car was convicted of burglary. We affirm the judgment of the
trial court.
 

Background
      Emanuel was charged with burglary of a habitation. A jury convicted him, and he elected
to have the trial court assess punishment. Emanuel pled true to prior convictions of burglary
of a building and burglary of a habitation. The trial court sentenced him to thirty-five years in
prison. Emanuel now brings this appeal.
Sufficiency of the Evidence
      In two issues on appeal, Emanuel contends that the evidence is legally insufficient because
the State failed to prove by direct evidence that he ever entered Smith’s home. He also
contends that the State was not entitled to the inference of guilt because his explanation of his
possession of the stolen property was reasonable and the possession was not recent. Because
both issues are interrelated, we will discuss them together.
Legal Sufficiency
      When reviewing a claim of legal insufficiency of the evidence, we must determine, after
considering all the evidence in a light most favorable to the verdict, whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Johnson
v. State, 967 S.W.2d 410, 412 (Tex. Crim. App. 1998). This review is the same for both
direct and circumstantial evidence cases.


 Green v. State, 840 S.W.2d 394, 401 (Tex. Crim.
App. 1992); see also Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991).
Inference of Guilt
      Burglary can be proved by circumstantial evidence. Mabra v. State, 997 S.W.2d 770, 774
(Tex. App.—Amarillo 1999, pet. ref’d). It is well-settled that if a defendant is found in
possession of recently stolen property, and at the time of arrest fails to make a reasonable
explanation showing his honest acquisition of the property, the fact finder may draw an
inference of guilt. Hardesty v State, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983); Jackson v.
State, No. 10-98-00270-CR, slip op. at 4 (Tex. App.—Waco February 9, 2000).


 Of course,
there must be independent evidence of a burglary. Harris v. State, 656 S.W.2d 481, 483 (Tex.
Crim. App. 1983); Price v. State, 902 S.W.2d 677, 680 (Tex. App.—Amarillo 1995, no pet.);
Buchanan v. State, 780 S.W.2d 467, 469 (Tex. App.—Dallas 1989, pet. ref’d).
      If the defendant offers an explanation as to his possession, the record must demonstrate
that the explanation is either false or unreasonable before the evidence will support the
conviction. Adams v. State, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977); Price, 902
S.W.2d at 680. Whether the defendant’s explanation is reasonable or false is a question of
fact. Smith v. State, 518 S.W.2d 823, 825 (Tex. Crim. App. 1975). The unreasonableness or
falsity of the explanation may be shown by circumstantial evidence. Adams, 552 S.W.2d at
815; Price, 902 S.W.2d at 680. Moreover, a jury is not bound to accept a defendant’s
explanation of his possession of recently stolen property. Callahan v. State, 502 S.W.2d 3, 6
(Tex. Crim. App. 1973).
      Whether the property was recently stolen is also a question of fact to be determined by the
circumstances. Smith, 518 S.W.2d at 824; Buchanan, 780 S.W.2d at 470. Where a vehicle
was recovered thirty days after its theft, the Court of Criminal Appeals has considered that to
be recently stolen property. Crain v. State, 529 S.W.2d 774, 775 (Tex. Crim. App. 1975).
      Once the permissible inference of guilt arises, the sufficiency of the evidence must still be
examined according to the applicable standard of appellate review. Hardesty, 656 S.W.2d at
77. However, it is not necessary that every fact point independently and directly to the guilt of
the defendant. It is enough if the conclusion of guilt is warranted by combined and cumulative
force of all incriminating circumstances. Callahan, 502 S.W.2d at 7-8.
The Evidence
      John Smith left his home in Freestone County on October 5, 1997, and locked the gate. 
He received a call on October 8th that his home had been broken into. When he arrived home,
he discovered that the gate was still locked, but the back door had been kicked in and that
many items from his house were missing. Two of these items included a mounted deer head
with a noose around its neck and a set of mounted antlers with a hoof showing where the deer
had been shot. He could tell that the property had been taken over the fence in the front yard
and shoved underneath another board fence in the front.
      On October 6, 1997, Allen Barnett, the rural letter-carrier for the area, passed by Smith’s
house and noticed a black man in the front yard. The man appeared to be in a hurry to move
behind some bushes. The best he could tell was the man was of medium build. Barnett said it
was hard to get a good look because the man was behind the bushes. He did not see this man
enter Smith’s house or have any of the stolen items in his possession. Barnett also saw a blue,
older-model car parked on the side of the road approximately 60 to 100 feet from Smith’s
house. No one was in the car, and no one was around the car. He recognized the car as
belonging to Emanuel. He wrote down the license plate of the car. After delivering more mail
for another mile or two, Barnett drove back by Smith’s house. By that time, the car was gone.
      Dick Amos, a former Freestone County Sheriff’s deputy, was assigned to investigate the
burglary of Smith’s house. On November 14, 1997, Amos visited with Emanuel about his
whereabouts on the day of the burglary. While Amos visited with Emanuel, he noticed that the
license plate number of Emanuel’s car matched the license plate number written down by
Barnett on the day of the burglary. Emanuel told Amos he was not in the vicinity of the Smith
house on that day. Amos confronted Emanuel about a witness placing his car at the scene. 
Emanuel then remembered that he had been there with his wife and child. He said the car had
overheated, and he had gone to locate some water for it. Amos testified that Emanuel lived
about 10 to 12 miles from Smith. He also stated that it would be out of the way for Emanuel
to drive by Smith’s house when traveling to any of the nearby towns.
      Leon County Deputy Sheriff Eddie Lack testified that on November 21, 1997, he and his
partner were investigating some crack houses when they passed a Cadillac parked on the side
of County Road 250. They called in the license plate of the Cadillac and were told to go back
to the abandoned car to wait for the wrecker. On the way back to the car, Lack noticed that
Emanuel was in front of them driving his blue Chrysler. Emanuel turned into a little driveway
on County Road 542. The deputies continued to County Road 250 and parked near the
Cadillac by some trees. Lack testified that their vehicle was not visible from the road. 
      About five minutes later, Emanuel pulled onto County Road 250. Lack motioned to
Emanuel and asked to speak with him in an effort to determine who owned the Cadillac. Lack
approached Emanuel and his vehicle and noticed a deer head, deer antlers, and other items in
the back of the car. When Lack asked Emanuel where he got the items, Emanuel responded
that he got them from someone named, Manuel. He said that Manuel was a Mexican fellow
but did not know where he was or anything else about him. Lack also noticed a speaker in the
back of Emanuel’s car and recalled that a burglary had occurred recently in Leon County
where a speaker and a guitar were stolen. Lack immediately called the dispatcher and asked to
have a deputy dispatched to that location. When Leon County Sheriff’s Deputy Mitch
Netterville arrived, Lack turned the investigation over to him.
      When Netterville arrived on the scene, Lack filled him in on what had happened and what
he had seen in Emanuel’s car. He had been previously informed of the burglary of Smith’s
house in Freestone County. Netterville took interest in the deer head and antlers that were
discovered. He contacted his office to determine if those items were missing in a Leon County
burglary. They were not, so he contacted the Freestone County Sheriff’s Office. Deputy
Amos returned Netterville’s call and told Netterville he would be in route to Leon County. 
After arriving on the scene, Amos contacted Smith who identified the deer head and antlers
over the phone. Netterville placed Emanuel in custody at that time. Netterville and Amos
identified State’s exhibits 2 and 3 as the mounted antlers and hoof and mounted deer head taken
from Emanuel’s car. 
      Smith also identified State’s exhibits 2 and 3 as the mounted antlers and hoof and mounted
deer head taken from his home. No other items from the burglary were recovered.
Application of Law to Facts
      As noted earlier, whether the possession of stolen property is recent is a question of fact. 
Based on the evidence presented at trial, six weeks between this burglary and Emanuel’s
possession of the property can be considered recent. See Crain v. State, 529 S.W.2d at 775. 
Likewise, there was independent evidence of a burglary, and the jury could have found
Emanuel’s explanation of how he acquired the deer head and antlers to be unreasonable or
false. Emanuel could not, or would not, give Deputy Lack any other information other than he
acquired the items from “Manuel.” With no other information known or presented, an
inference of guilt was sufficiently raised.


 See Callahan, 502 S.W.2d at 7.
      Evidence was produced of Emanuel’s possession of some of the items stolen from Smith’s
house. Also, a suspicious man fitting his race description was in the yard at the time his car
was in close proximity to the location of the burglary during the time frame in which the
burglary occurred. Considering this and all the other evidence in the light most favorable to
the verdict, the jury could have found all the essential elements of the crime beyond a
reasonable doubt. The evidence was legally sufficient, and Emanuel’s two issues are
overruled.
Conclusion
      Having overruled both of Emanuel’s issues on appeal, we affirm the judgment of the trial
court.


                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed March 29, 2000
Do not publish